# Rast *v.* Rast.

*Bill in Equity for Divorce.*

113　319.
115　475.

1. *Alimony; allowance pending suit for divorce.*—Pending a suit for divorce, whether the bill be filed by the husband or wife, the allowance of temporary alimony is not matter of discretion, but a matter of right in favor of the wife, subject only to review as to the amount that may be allowed; and the allowance of this amount being largely within the discretion of the court, dependent upon the facts and circumstances of each particular case, will not be changed on appeal, unless there is presented a strong case of error.

2. *Bill for divorce; allowance of solicitor's fees.*—The allowance to a wife, who is defendant in a suit for divorce, of a reasonable sum as solicitor's fees for conducting her defense, is proper, where it is shown that the wife is indigent and has no separate estate; the amount of allowance being made with reference to the evidence of the case and restricted to the actual, reasonable value of the solicitor's services.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. WILLIAM S. THORINGTON.

In this case the bill was by the husband against the wife, filed on the 30th of September, 1895, for a divorce on account of the alleged abandonment of the wife, and a final decree was rendered on the 30th of January, 1896. The wife filed her answer, and made it a cross-bill against the complainant, praying for a divorce in her favor, and asking for temporary and permanent alimony and counsel fees. On the 3d of December, 1895, the defendant moved the court to grant an order of reference to the register to ascertain what would be a suitable amount of alimony to the wife out of the estate of the husband pending the suit, and what amount would be a reasonable fee to be allowed her solicitor, for conducting the litigation in her behalf. The cause was submitted on that motion, and the court, at the same term ordered the register to hold such reference and ascertain, (1), whether the defendant Mary E. Rast, had a separate estate, and if so, whether the same was sufficient for her support, pending the litigation; (2),

[Rast v. Rast.]

whether the complainant had any estate, and if so, its amount, and the annual income derived from the same; (3), what amount should be allowed the wife as alimony pending the suit; and (4), what amount should be allowed the counsel for services in the litigation. This reference was executed by the register, on the 14th of January, 1896, and he filed his report on the same day. On this reference, the evidence taken by depositions in the cause were submitted, and other witnesses were examined.

The evidence tended to show, that complainant owned 200 acres of land, variously estimated as being worth, with the improvements, from $5 to $15 per acre; mortgages and notes for $835, not worth their full face value; farming utensils, household and kitchen furniture, a horse, a few cows and hogs, corn and fodder; that complainant was an industrious, hard-working man, free of debt, was a good farmer, and lived comfortably for one of his means. The evidence also shows, that they are each illiterate and of humble social rank. Some of the witnesses estimated complainant's estate to be worth from $2,500 to $4,000. It may be stated, however, that it does not very satisfactorily appear what was its real value, nor what the annual income from it was. The register found and reported the value of the estate to be from $3,000 to $3,500, that his income was about $400 a year; and that $12.50 per month, pending the litigation, was reasonable temporary alimony, with $40 allowance for solicitor's fee.

Upon the submission of the cause for final decree, on exceptions to the register's report and upon pleadings and proof, the court rendered a decree in which the exceptions to the register's report were overruled, and in which it was adjudged that the complainant was entitled to the relief prayed for, and that the bonds of matrimony between him and his wife be dissolved, on the ground that the respondent had voluntarily abandoned the complainant for more than two years preceeding the filing of the bill. The court further decreed that said Mary E. Rast was not entitled to maintain her cross bill as a bill for divorce, but was entitled to relief thereunder as to alimony and counsel fees; and it was further decreed, that the sum of $40 be allowed as reasonable fees in the cause; that $12.50 per month, or $50 for the four months

pending the litigation, be allowed her as alimony *pendente lite,* which sum the complainant was ordered to pay her, and that the complainant on the 15th of February, 1896, and on the 15th of every month thereafter, until the further orders of the court, pay to the defendant the sum of $10 for her maintenance and support. The costs proper, were equally apportioned between the parties, and each ordered to pay the same. The decree concluded with an order directing the register to drop the cause from the docket, with leave to either party to have the same reinstated for the purpose of applying to the court for such further order or orders as might become necessary and proper; and the court reserved the power to make such further order or orders in the cause, as the facts and circumstances might require, including such modification of the decree as to the permanent alimony allowed, as might be just and equitable.

From this decree the complainant appeals, and assigns as error the overruling of the exceptions to the register's report, the allowance of alimony *pendente lite,* and the allowance of counsel fees, and the fixing of the permanent alimony.

GORDON MACDONALD, for appellant.—1. The decree, so far as the allowance of solicitors' fees, the amount allowed as alimony *pendente lite* and as permanent alimony, was erroneous.—*Lovett v. Lovett,* 11 Ala. 763; *Jeter v. Jeter,* 36 Ala. 391; *Jones v. Jones,* 95 Ala. 443.

JOHN A. ELMORE, *contra.*—1. The granting of alimony *pendente lite* to Mrs. Rast in this case was not even discretionary with the court, since the statute makes it mandatory.—Code of 1886, § 2331. The mere pendency of the suit where the wife has no separate means of support, and the husband has the means, entitles her, whether plaintiff or defendant, to alimony, so long as the litigation continues.—1 Amer. & Eng. Encyc. of Law, § 4; *Edwards v. Edwards,* 80 Ala. 98.

2. Alimony *pendente lite* usually is made up of a sum to support the wife and to pay her counsel's fees and the expenses of the suit.—1 Amer. & Eng. Encyc of Law, 474. The amount of alimony *pendente lite* is determined by no fixed rule, being in the discretion of the court, in

21

view of the circumstances of each case.—1 Amer. & Eng. Encyc. of Law, 475, § 5.

3.   It was proper for the court to allow the wife a reasonable solicitor's fee.—*Jeter v. Jeter,* 36 Ala. 391.

HARALSON, J.—1.   The allowance of temporary alimony pending a suit for divorce, whether the bill be filed by the husband or wife, is not a matter of discretion, but of right in favor of the wife, subject to review as for the amount that may be allowed.—Code of 1886, § 2331; *Edwards v. Edwards,* 80 Ala. 97; *Mahone v. Williams,* 39 Ala. 212; *Jeter v. Jeter,* 36 Ala. 391.

The amount to be allowed cannot be subjected to any definite or fixed rules, but must depend upon the circumstances in life and the social position of the parties. It must be a matter largely within the discretion of the trial court; and it is said, that the uniform practice of revising tribunals, is to affirm such decrees, unless there is presented a strong case of error.—*Jeter v. Jeter, supra.*

2.   The amount allowed as temporary alimony, for the four months from the filing of the bill to the rendition of the final decree was $50, or $12.50 per month. We are unable to disagree with the chancellor as to this allowance.   It does not plainly appear that he was in error in making it.

3.   It was proper to allow the wife a reasonable sum as a solicitor's fee for conducting her defense.   Without such an allowance, where a wife has no adequate separate estate, she might be at the mercy of her husband in such proceedings.   It has long been the practice in this State, to allow such fees in proper cases.   They may be regarded as a part of her temporary alimony, necessary for the maintenance of her suit.—*Jeter v. Jeter,* 36 Ala. 392; 1 Amer. & Eng. Encyc. of Law, 474, 477. In this case, the court proceeded according to the prescribed rule, to refer it to the register to ascertain and report what sum should be allowed defendant's counsel. It appears, the wife was indigent, had no separate estate, and counsel for complainant and defendant agreed in writing, that if defendant was entitled to such a fee, the sum of $40 would be a proper allowance.

4.   We are unwilling to review the learned chancellor in the allowance made for permanent alimony.   It was under the evidence certainly full enough, but it has not

been made to appear that the allowance was too great, at the present time. It may turn out, in the course of time, from the increasing age and infirmity of complainant, or from other conditions and circumstances which he may be unable to control, that $10 a month will become too burdensome for him to pay. To meet such contingencies the court very wisely retained jurisdiction of the cause, to modify the decree as to permanent alimony, on the application of complainant, in such manner as may be just and equitable.

Affirmed.