195 So. 733
**Ex parte McLENDON.**
**6 Div. 656.**

Supreme Court of Alabama.

April 11, 1940.

Rehearing Denied May 16, 1940.

Walter S. Smith and Walter S. Smith, Jr., both of Birmingham, for petitioners.

566

Ellis, Lindbergh & Ellis, of Birmingham, for respondent.

BROWN, Justice.

This is an original petition, filed here by the complainant in a divorce proceeding, seeking to review and reverse the decree of the circuit court of Jefferson County, sitting in equity, allowing alimony pendente lite and solicitor's fees, to the defendant to aid her in defending against the charges made in the bill.

The material facts, are, that the petitioner filed his bill for divorce on September 12, 1939, against Fannie Lou McLendon alleging, inter alia:

"That complainant and respondent intermarried on to-wit, October 31, 1938, in Jefferson County, Alabama, and ever since have been, and now are husband and wife.

"That the said Fannie Lou McLendon became addicted after marriage to habitual drunkenness, and manifested her drunken condition by profane discourse and indecent conduct."

The bill prayed for divorce a vinculo matrimonii.

On September 28, 1939, the defendant answered admitting the relation of husband and wife as alleged in the bill, but denied the existence of the alleged ground for divorce—habitual drunkenness.

On November 2, 1939, the petitioner filed an amended bill alleging: "That on to-wit, October 31, 1938, a marriage ceremony was performed by J. A. McBride, Justice of the Peace, in Jefferson County, Alabama, purporting to join complainant and respondent in the Holy Bonds of lawful wedlock, but complainant respectfully shows that at the time of the purported marriage the said respondent had no right or authority, under the law, to contract a marriage with (sic) respondent, and that at the time of said purported marriage respondent was, and still is, the lawful wife of C. H. Hand."

The amended bill seeks to annul the marriage on the ground that the defendant was without capacity to contract marriage with the complainant because of said previous marriage to Hand, and in the alternative a dissolution of the marriage by decree of divorce.

Notwithstanding the amendment to the bill enlarging its scope and purpose, it nevertheless remained in one of its aspects

a bill for divorce, and it was within the court's sound discretion to award alimony pendente lite under § 7417, of the Code, 1923, as amended by the Act approved February 24, 1939. Acts 1939, p. 52; Brindley v. Brindley, 121 Ala. 429, 25 So. 751.

■ "Where the action is instituted by the husband against the wife, the general rule is that if the existence of the marital relation is in actual dispute and clear proof is not made against its validity, the wife may be allowed alimony pendente lite." 17 Am.Jur. 436, § 541; Ex parte Jones, 172 Ala. 186, 55 So. 491.

■ The burden of proof, under the averments of the bill as amended, was on the petitioner, the complainant, to show that the ceremonial marriage between the complainant and defendant was not valid because of the defendant's incapacity to contract said marriage. Walker v. Walker, 218 Ala. 16, 117 So. 472.

■ The paper offered in evidence certified to by the clerk of the Georgia court is not a verified transcript of the records and proceeding of the court in which the defendant filed a bill to dissolve the Hand marriage, but is a mere statement of the clerk, with quoted excerpts, as to what said record shows or does not show. In short, the clerk's construction of the record. This was the barest of hearsay and proved nothing. Adams v. Central of Georgia Ry. Co., 198 Ala. 433, 73 So. 650.

■ The foregoing is sufficient to warrant the denial of the mandamus, but in view of the question as to whether or not a decree entered on the second verdict was essential to a dissolution of the marriage relation between Hand and the defendant, we note in the more recent decisions of the Georgia Supreme Court applying and construing the Constitution of that state on that subject, the court holds that the second verdict of the jury dissolves the marriage and when the bill is filed by the wife against the husband, such verdict without a decree authorizes the wife to contract marriage. Burns et al. v. Lewis, 86 Ga. 591, 13 S.E. 123; Montfort v. Montfort, 88 Ga. 641, 15 S.E. 688.

In the Burns case, supra, Chief Justice Bleckley notes that Clark v. Cassidy, 62 Ga. 408; Id., 64 Ga. 662, applied the Constitution of 1865, which was changed by the Constitution of 1868. See 13 S.E. 124.

The mandamus is denied and petition dismissed at the costs of the petitioner.

Mandamus denied; petition dismissed.

ANDERSON, C. J., and THOMAS, FOSTER, and KNIGHT, JJ., concur.

On Rehearing.

Application for rehearing overruled.

THOMAS, BROWN, FOSTER, and LIVINGSTON, JJ., concur.