199 So. 810

**MANCIL v. MANCIL.**

**4 Div. 181.**

Supreme Court of Alabama.

Jan. 16, 1941.

Murphy & Cook, of Andalusia, for petitioner.

Powell & Fuller and Frank J. Tipler, all of Andalusia, for respondent.

FOSTER, Justice.

There was a bill filed by the wife seeking a divorce from bed and board for cruelty, as authorized by section 7423, Code. They are middle aged people, and had been married about twenty years, and had three small minor children whom she left with her husband and he has their care and support.

The cause comes here by original petition for mandamus to vacate an order for temporary alimony and solicitor's fees pending a final hearing of the cause, and on appeal. An appeal will not lie.

There was a reference and report of the register, showing that neither owned any property; that the husband was earning $40 a month on a WPA job, and that an allowance of $10 a month for the wife pending suit was reasonable, and solicitor's fee of $50 payable at the rate of $10 a month would be reasonable. The court confirmed the report and made an order for the payment of that allowance. This petition is to review that order.

It is insisted that there is no evidence of cruelty nor other conduct which justifies a divorce either from the bonds of matrimony or from bed and board; that the wife needs no temporary alimony, since she has a housekeeping job which provides for her board and lodging besides $2 a week; that the $40 a month barely pays house rent and necessary expenses for the minor children and the husband. The only evidence as to the cause of their separation was the testimony of Mrs. Mancil that he forced her to leave. No detail is offered in that connection. No cruelty is shown nor other misconduct on his part.

The parties evidently did not proceed on the idea that fault on the part of one or the other of the parties is a consideration which was material.

The ages of the children are a boy nine years old, a girl five years old and a boy three years of age. Custody of the children is prayed for, but no progress has been made in developing that aspect of the complaint.

For present purposes the suit is for a divorce from bed and board and temporary allowance to the wife pending suit. The right to solicitor's fee is governed by the same principles as for temporary allowance pending suit. The attorneys agreed to serve for such compensation as might be awarded as such. While this is not in any sense objectionable, it shows no present need for such an allowance, unless it is otherwise proper.

In a suit of this sort an allowance for support pending suit is a matter which is addressed to the sound discretion of the court. It is affected by their respective fault in bringing about the separation, and the fact that the wife is without means for her sustenance pending the suit, and the allowance is payable out of the husband's income. Brindley v. Brindley, 121 Ala. 429, 431, 25 So. 751; Brady v. Brady, 144 Ala. 414, 39 So. 237; Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866; Higgins v. Higgins, 222 Ala. 44, 130 So. 677.

In a suit as this to entitle complainant to suit money, a prima facie case must be shown on her behalf. Brindley v. Brindley, supra, 121 Ala. page 431, 25 So. 751; Brady v. Brady, supra, 144 Ala. page 417, 39 So. 237.

A prima facie case of cruelty as alleged in the bill is not here shown.

The wife does not show a necessity for money for her support pending the suit, nor for an allowance for her attorneys. If the husband be compelled to pay the amounts named in the order, he would not have enough left to support the minor children and himself during this period. As we have noted, there has been no order changing the custody of the children.

It is our view that this order was improvidently made, without due consideration of the principles which we have mentioned.

Mandamus is the appropriate remedy, not an appeal. Brady v. Brady, supra; 8 Ala. Digest 115, Divorce, 280.

The appeal is dismissed. But it is ordered that the judge of the circuit court, in equity, sitting in Covington County, Alabama, the Hon. Robert S. Reid, shall vacate the order for temporary alimony and solicitor's fee, which he made in this cause, or appear in this court on March 27, 1941, and show cause why a writ of mandamus should not issue commanding him to do so.

Rule nisi ordered.

Appeal dismissed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.