2 So.2d 393

**Ex parte BRAGG.**

6 Div. 856.

Supreme Court of Alabama.

May 15, 1941.

Gibson & Gibson and B. J. Dryer, all of Birmingham, for respondent.

Morel Montgomery, of Birmingham, for petitioner.

FOSTER, Justice.

This is an original petition for mandamus whereby petitioner seeks to have a decree ordering an allowance for temporary alimony and solicitor's fee set aside and vacated, principally because the decree was improper and predicated upon an erroneous interpretation of the law.

A bill for divorce was filed by petitioner on November 25, 1940, on the ground of voluntary abandonment. Respondent filed answer on December 3, 1940, denying such abandonment, and seeking alimony pend-

ing the cause and a solicitor's fee. On December 17, 1940, complainant filed an application and gave notice to take the depositions of witnesses to prove the allegations of his bill. On December 20, 1940, respondent filed objection to the issuance of the commission to take testimony by complainant on the ground that no reference had been ordered or held to ascertain the amount she is entitled to for such alimony and solicitor's fee, and on the same day filed a separate motion for an order of reference for that purpose. On January 3, 1941, the judge made an order sustaining respondent's objection to the issuance of a commission to take testimony, and granted her motion for a reference, and made an order of reference. On January 31, 1941, the register made report, and attached the evidence taken before him on reference. On February 3, 1941, complainant filed exception to the report, both because it was not properly supported by the evidence and because the order was improvidently made by the court under the Act of February 24, 1939, page 52, see Title 34, sec. 30, Code of 1940. On March 13, 1941, the court made decree on such exceptions, and in it recited that he finds that the evidence of voluntary abandonment on the part of the wife is unsatisfactory and conflicting, and therefore declined to disturb the findings of the register at that stage of the proceedings, overruled the exceptions and confirmed the report.

The register made no report or finding in respect to the question of abandonment as alleged in the bill and denied in the answer. This was proper, as he reported only on the matter touching the estate and earnings of complainant, and expressed his opinion as to the proper amount of alimony and solicitor's fee which should be awarded. But the evidence taken before him included the controverted question of whether respondent did voluntarily abandon complainant.

The petition here is for mandamus to vacate the decree of March 13, 1941, allowing alimony and solicitor's fee pendente lite, and it has a prayer for general relief.

Attention is again called to the fact that in the Act of 1939, supra, there is no positive right to alimony pendente lite in a suit for divorce. Ex parte McLendon, 239 Ala. 564, 195 So. 733. Also to the fact that by said Act the period in which it shall continue is "not longer than necessary for the prosecution of her bill for divorce."

■ This does not mean to be sure that her right to such alimony does not arise in a suit for divorce against her. For in a suit by the husband, such alimony may be allowed. See, Rast v. Rast, 113 Ala. 319, 21 So. 34; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Ex parte McLendon, supra.

The question now (under the Act of 1939, supra) is merely one which appeals to the discretion of the court. We have often noted the principles which should be controlling in exercising such a discretion when alimony is sought without a divorce. See, Mancil v. Mancil, 240 Ala. 404, 199 So. 810, for one of our latest cases on that subject.

We have examined the record of the testimony taken on the reference. It shows a practical separation of the parties in 1927, when complainant moved from Atlanta to Birmingham on account of business needs. Respondent would not live with him permanently in Birmingham, but returned to Atlanta with the two children, and gave birth to a third. Complainant has provided for their support and the education of the children. The two oldest are married and self-supporting; while the youngest is afflicted and maintained by complainant in a state institution. They have lived in Atlanta all this time in a home owned and maintained by complainant. But complainant has now disposed of it, and he has reduced his allowance to her to a small sum monthly. She is not seeking a divorce, nor an allowance for her maintenance except pendente lite. There have been no serious charges or counter charges. She has certainly remained voluntarily away from his bed and board about ten years or more before suit was begun, and she makes no charges against him as excuse or reason for doing so. He has not persisted in his efforts to have her live with him. He seemed not to be dissatisfied with the arrangement.

■ As said by the trial court, it is not now necessary to decide whether a divorce should be granted under the circumstances. There may be additional evidence on that question when it is finally tried. But the alimony pendente lite is necessary for her support and she has not been guilty of such conduct as not to be entitled to it, even though she may have voluntarily separated herself from him. The right to alimony pendente lite is to be separately considered from its amount, if allowed at all. It is the primary province

of the court to determine whether it is proper to be allowed in the exercise of the sound judicial discretion of the court on a consideration of the subject in the light of the principles to which we have herein referred.

■ We agree with the trial court that in this case it should be allowed, having in mind that it is to continue only pendente lite, and that if a divorce is granted the court will be governed by section 7420, Code of 1923, Title 34, section 33, Code of 1940, which will then be in effect. There is nothing now in the record which looks to alimony without divorce, that is, if a divorce is denied in this suit.

■ Attention is called again to the Act of 1939, supra, Title 34, section 30, Code of 1940, to the extent that it provides that alimony pendente lite if allowed at all shall continue "for a period of time not longer than necessary for the prosecution of her bill for divorce." This in terms seems to apply to a bill by the wife for divorce, and to be a safeguard against use of the proceeding for such allowance for a period which is unnecessary or unduly extended by dilatory methods, or by orders of the court.

■ We have not had occasion to consider this feature of the statute enacted in 1939. But we think its purpose should be made effectual by adapting it to a bill by the husband for divorce in which allowance is made for alimony pendente lite, so as not to charge the husband for its payment during such period of time as he may be delayed in prosecuting his suit for divorce by the dilatory methods of the wife (see 17 Am.Jur. 435, § 537, note 3), or by such orders of the court as improperly interfere with the prosecution of his suit for divorce to a conclusion.

■■ There is no reason whatever to stop the progress of the suit to hear alimony proceedings pendente lite or enforce its payment. See Ex parte Eubank, 206 Ala. 8, 89 So. 656. Both features could proceed simultaneously, and the hearing for final decree could sometimes be had by the time the hearing for alimony pendente lite came on. The order for such alimony could be incorporated in the final decree by fixing a sum in gross (Jeter v. Jeter, 36 Ala. 391[6], 405, 408) calculated for the period in which it should be allowed (Ex parte Apperson, 217 Ala. 176 [9], 115 So. 226), all in the interest of justice and fairness to both parties, and as provided by the Act of 1939, supra. To the extent that such matters are in the discretion of the court, they are revisable in a "strong and plain case of error." Jeter v. Jeter, supra, 36 Ala. page 405; Rast v. Rast, 113 Ala. 319, 21 So. 34; Brindley v. Brindley, 115 Ala. 474, 22 So. 448.

The amount of the award for alimony and solicitor's fee allowed in the instant case is not plainly erroneous on the facts found by the register, State ex rel. Sellers v. Locke, 208 Ala. 169, 93 So. 876, but the period in which it should extend is not such as is provided for in the Act of 1939.

■ The result is that in our opinion the progress of the case to final hearing should not be delayed on account of the alimony proceedings until complainant may be adjudged in contempt on that account, and the period of its allowance should be adjusted to conform to the delay thereby occasioned complainant in prosecuting his suit. That is to say, that it should not include the period extending from the time when complainant was prohibited from taking testimony by order of the court (to-wit, January 3, 1941) until he shall be given an opportunity to proceed, which is now done.

The decree of March 13, 1941, fixing an allowance for temporary alimony should be so modified as to exclude said period herein described in the computation, and so as to allow complainant to proceed forthwith to take testimony and prepare the cause for final decree without further delay. Compare, Ex parte Eubank, supra; Ex parte Edwards, 183 Ala. 659, 62 So. 775.

Mandamus is awarded with direction thus to modify the decree of March 13, 1941.

GARDNER, C. J., and BOULDIN, and LIVINGSTON, JJ., concur.