15 So.2d 710

**Ex parte AUSTIN.**

**7 Div. 754.**

Supreme Court of Alabama.

Nov. 26, 1943.

Horace C. Alford, of Birmingham, for petitioner.

Fred S. Ball, Jr., of Montgomery, for respondent.

**BOULDIN, Justice.**

On or about February 4, 1943, John A. Austin filed a bill against his wife, Janie Austin, for divorce upon the ground of adultery. The bill alleged the parties were married in 1923, lived together as husband and wife for nineteen years. It then alleges in general terms: "That at divers times, at divers places and with divers persons, whose names are unknown, said Respondent did commit adulterous acts." On or about March 8, 1943, the wife filed her answer and cross-bill admitting their marriage and living together as alleged until forced by the husband to leave their home, denying the charge of adultery on her part, and charging the husband with adultery in like general terms, naming one woman, and another suspected of having adulterous relations with the husband. The cross-bill sought a divorce from the husband upon the ground of adultery and also upon the ground of cruelty, alleged in general terms.

Contemporaneous with the filing of the answer and cross-bill, the wife filed her petition or motion for an order of reference to the register to ascertain and report a reasonable allowance as alimony pendente lite, and a reasonable allowance for an attorney's fee pendente lite. Thereafter, on March 25, 1943, the court entered a decree directing the register to hold a reference: "for the purpose of ascertaining and reporting to the court upon the following matters and things, to-wit:

"1. What, if any estate, cross-complainant has.

"2. What, if any estate, cross-respondent has.

"3. What income from any source cross-respondent has.

"4. What would be a reasonable amount for cross-complainant to have paid to her as alimony pendente lite from cross-respondent.

"5. What would be a reasonable allowance to the Solicitor for cross-complainant for attorneys fee pendente lite."

The reference was held April 16th, and report filed May 5th, as follows:

"1. That according to the evidence,. Janie Austin was married to Emanuel Myrick prior to her marriage or attempted marriage to John Austin in 1923.

"2. There was no evidence that Emanuel Myrick was dead or that a divorce has been granted, either to Emanuel Myrick or Janie Myrick prior to her marriage or attempted marriage to J. A. Austin. And if, Emanuel Myrick was not dead, or a divorce granted, then she was not legally married to John Austin, and in my opinion would not be entitled to alimony pendente lite.

"3. Even if she had been legally married, it does not appear (in view of the testimony) that she is entitled to alimony pendente lite, or to attorneys fees as prayed for."

It is manifest the register misconceived his authority and duty under the decree of reference. He made no report on the matters specified in 1, 2 and 3 of the decree of reference. The question of validity of the marriage of the parties was not submitted to him, and his finding is in direct conflict with the original bill, the answer and the cross-bill. The entire evidence taken on the reference was attached to and made a part of the register's report. Upon submission on the report of the register and exceptions thereto, the court on May 10th decreed: "And said report, together with the exceptions, have been duly considered by the Court, it is the opinion of the Court that said report should be ratified and confirmed insofar as the register reports that Respondent is not entitled to alimony pendente lite or to attorneys fees as prayed for."

The proceeding now before us is by petition for mandamus to vacate said decree of May 10th. The petition for mandamus sets out the entire proceedings in the court below, including the evidence taken before the register on the reference.

The pertinent portion of the answer to the rule nisi reads: "For further answer respondent shows that the decision as to whether the cross complainant Janie Austin should be allowed pending suit support and attorney's fees was under the law a matter calling for the exercise by this respondent of his judicial discretion and in the exercise of that discretion this respondent confirmed the report of the Register to the effect that Janie Austin was not entitled to alimony pendente lite or attorney's fees."

█ The trial court was free to look to the evidence in considering the finding of the register.

The evidence consisted of the testimony of each of the parties, and was directed to the income and property of each.

The husband, taking his own testimony, discloses he owns a home in Heflin, Alabama, valued at $700, three vacant lots valued at $300, $80 to $90 on deposit in bank; has business connections and some personal property in connection therewith, but his income is reduced by war-time conditions. His current income is placed by him at $16 per week. The wife, taking her uncontradicted testimony, is working at $5 per week, of which she spends $2 per week for a room, and $1 at a coffee shop. She has no other income, no money, no property real or personal from which to derive an income. Dealing with alimony pendente lite on this state of facts, we observe—

█ Such allowance grows out of the relation of husband and wife, the legal obligation of the husband to support and maintain the wife, which continues so long as they remain husband and wife, unless forfeited by misconduct of the wife, or special circumstances relieve the husband of such obligation. Hence, such allowances were made in divorce proceedings long before, and regardless of, any statute on the subject. See full treatment of subject in Ex parte Smith, 34 Ala. 455. The rule was recognized as far back as Richardson, v. Richardson, 4 Port. 467, 479, 30 Am.Dec. 538.

As well known, our statute for a long period made such allowance mandatory. We note that the rule before and at the time this statute was enacted grew out of or at least had regard to, the common law relating to the separate estate of a married woman. The income from such estate, even her earnings, became the property of the husband. Long ago, this was changed by statute, so that the wife has the possession and use of her separate estate, and the right to her income and earnings.

So, in 1939, by statute, now Title 34, § 30 of the Code, the former statute was amended so as to clothe the court with a judicial discretion, subject to review, in making or declining to make such allowance, and putting a limitation on the time such allowance should run. This latter provision was to meet certain abuses, occurring more frequently in cases where the wife instituted the divorce proceeding, obtained a decree for alimony pendente lite, then delayed a hearing on the merits, etc.

These changes wrought by the amended statute in both respects are treated in Ex parte Bragg, 241 Ala. 214, 2 So.2d 393. See also Norrell v. Norrell, 241 Ala. 170, 1 So.2d 654; Mancil v. Mancil, 240 Ala. 404, 199 So. 810; Ex parte McLendon, 239 Ala. 564, 195 So. 733; Skinner v. Skinner, 243 Ala. 106, 8 So.2d 826.

In this instance, the petition for alimony and attorney's fee pendente lite was filed and reference ordered on filing the answer and cross-bill by the wife. No question was then raised as to the good faith of the defense or the probability of success. No evidence was presented on these issues on the reference or at any time during the proceedings. In such case, the propriety of the order is determined by an inspection of the pleadings, here an unsworn bill, and unsworn answer and cross-bill. A clear denial of the charge of adultery in the answer of the wife presents an issue called for by the bill of the husband. There is no basis for holding the answer was made in bad faith.

█ On a bill filed by the husband against the wife, a denial of the grounds for divorce in the answer of the wife makes a prima facie case for some allowance for the support of the wife pending the suit. It casts on the husband the burden to show she is not due support. Different principles are often applied where the wife brings the suit. That such allowance should be made promptly, if at all, is apparent from the nature and purpose of the allowance. Here the undisputed evidence discloses the wife without any adequate support. Both are poor people, but the husband, by unquestioned evidence, has a comfortable home, and an income more than three times that of the

wife. The rule according to the finding of a register on conflicting evidence of witnesses before him, the same presumption accorded the verdict of a jury has no application here.

We are of opinion the court erred in failing to give proper application to the guiding rules of law in the exercise of a sound judicial discretion. Mancil v. Mancil, supra; 17 Am.Jur. p. 431, § 530, p. 432, § 531, p. 440, § 547; 27 C.J.S., Divorce, § 208, pp. 896, 897.

■ Dealing with an allowance for attorney's fees, we observe that in the absence of statute they were usually allowed as expense money on like principles as alimony pendente lite. Ex parte Smith, supra.

Having no statute, such allowance has been often held within the sound judicial discretion of the court. The guiding rules are in general the same as under our present statute touching temporary alimony. Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Ex parte Harris, 228 Ala. 88, 152 So. 449.

■ In a divorce suit by the husband against a penniless wife, some allowance should be made unless a clear showing be made why she should not be provided counsel to conduct her defense. She should not be defenseless. Rast v. Rast, 113 Ala. 319, 21 So. 34; Ex parte Eubank, 206 Ala. 8, 89 So. 656; 27 C.J.S., Divorce, p. 922, § 222, subsec. b.

■ In the text of 27 C.J.S., Divorce, p. 917, § 221, it is said: "The entire amount of allowance for counsel fees need not be fixed at the beginning of the action, as allowances may be made from time to time as the exigencies of the case shall seem to demand."

■ We think this a sound rule to be applied as the exigencies of the case may render advisable. If, in the course of the cause, it should appear the wife has no just cause of action or defense, we think it entirely proper that this should be considered in determining what the husband should finally pay to furnish her counsel. An allowance in the nature of a retainer at this stage of the divorce suit, with further allowance, vel non, to be determined by the results, would not be improper in the pending suit between these parties. This is not in conflict with the rule declared in Ex parte Harris, supra, to the effect that the question of good faith may be reserved for final decree. That rule may well apply where the wife has adequate means to finance her suit or defense. Brindley v. Brindley, 121 Ala. 429, 25 So. 751.

■ We conclude petitioner is entitled to the writ of mandamus to vacate the decree in question. Upon being advised of this decision, the trial court will evidently so order, and proceed to award alimony and attorney's fees in consonance with this opinion. Otherwise the writ will issue as prayed upon request of petitioner's counsel.

Writ granted.

All the Justices concur.