22 So.2d 611

## Ex parte PHILLIPS.
### 6 Div. 351.

Supreme Court of Alabama.

June 21, 1945.

M. B. Grace and R. J. Hagood, all of Birmingham, for petitioner.

Geo. Lewis Bailes, of Birmingham, for respondent.

LIVINGSTON, Justice.

This is a petition praying for a writ of mandamus commanding and directing Hon. George Lewis Bailes, as judge of the Circuit Court of Jefferson County, in Equity, to enter an order setting aside and vacating an order of reference, and setting aside and vacating an order made by him overruling exceptions filed to the register's report made in pursuance of the order of reference, or to show cause why such orders should not be set aside and vacated in the divorce proceedings of Joe Phillips versus Lola Mae Phillips, and for general relief.

In substance, the petition alleges that, on to-wit, March 12, 1945, petitioner, Joe Phillips, filed a bill in the Circuit Court of Jefferson County, in Equity, praying for a decree dissolving the bonds of matrimony then existing between petitioner and Lola Mae Phillips on the ground of voluntary abandonment; that Lola Mae Phillips was served with process on, to-wit, March 15, 1945, requiring her to plead, answer or demur to the bill of complaint within the time provided and allowed by law; that, on to-wit, March 15, 1945, Lola Mae Phillips, without interposing demurrer, plea or answer to the bill, filed in said cause a motion praying that the court refer to the register of the court the matter of ascertaining

and reporting, (a) what estate, if any, the complainant had; (b) what estate, if any, respondent had; (c) what income the complainant had; (d) what would be a reasonable sum of money to be allowed respondent out of the earnings and estate of complainant, as solicitor's fees pendente lite; and (e) what would be a reasonable sum of money to be allowed respondent out of the earnings and estate of complainant as alimony pendente lite. That upon the hearing of the motion for an order of reference, petitioner orally moved the court to include in the order of reference the question of the wife's bona fide intention to defend the suit; that petitioner's motion was overruled by the court, and to which ruling petitioner excepted. That on April 26, 1945, and in compliance with the order of reference, the register reported that the sum of $12.50 semi-monthly would be a reasonable sum to be allowed the wife as alimony pendente lite, and $75 would be a reasonable attorney's fee pendente lite: that on May 4, 1945, the court entered a decree confirming the report of the register and ordering the payment of the aforesaid sums as alimony and attorney's fee pendente lite; that at the time the register made the report, the wife had not interposed demurrer, plea or answer to the bill of complaint.

To the petition for writ of mandamus, respondent, Hon. George Lewis Bailes, as judge of the Circuit Court of Jefferson County, in Equity, demurred and answered. Without setting out in detail the answer of the respondent, the position taken by him, and which raises the vital issue here, is stated in paragraph three of the answer as follows: "Answering paragraph three of said petition this respondent says that he does not know whether or not the said Lola Mae Phillips had filed a plea, answer or demurrer to the bill this petitioner had filed against her at the time the register of said court heard the testimony as to the matter submitted to him and says that whether she had or had not filed such an answer would not impute bad faith to her; and that she had thirty (30) days in which to make an answer; that she was not required to file an answer before she filed a motion for a reference and that, under the decisions of this court while the filing of an answer denying the allegation of the complainant's bill of complaint would ordinarily limit the inquiry on a reference to an examination of the pleadings or affidavits filed in the cause,

nevertheless respondent says he verily believes that where a wife files a motion for a reference prior to filing an answer there is no presumption that she intends to defend said cause in bad faith and that in any case the petitioner did not allege any bad faith on the part of said respondent."

It seems clear from the foregoing, and other parts of respondent's answer, which we think need not be here set out in detail, that respondent acted upon the theory that the burden was on the husband to show lack of good faith on the part of the wife in defending the suit. In other words, good faith of the wife will be presumed in the absence of a showing to the contrary by the husband.

■ Under section 7417 of the Code of 1923, the wife was entitled to alimony pendente lite as a matter of right. Section 7417, supra, was amended by Act of the Legislature of 1939, page 52, and appears in the 1940 Code as section 30, Title 34. Under section 30, Title 34, Code of 1940, the allowance of alimony pendente lite is within the sound discretion of the trial court. Ex parte McLendon, 239 Ala. 564, 195 So. 733; Ex parte Bragg, 241 Ala. 214, 2 So.2d 393. But such discretion is revisable in a strong and plain case of error. Ex parte Bragg, supra.

■ Allowance of alimony pendente lite to the wife in a suit by the husband against the wife for divorce grows out of the relation of husband and wife, the legal obligation of the husband to support and maintain the wife, which continues so long as they remain husband and wife, unless forfeited by misconduct of the wife or special circumstances relieve the husband of such obligation. Ex parte Austin, 245 Ala. 22, 15 So.2d 710.

We again call attention to section 30, Title 34, Code of 1940, under which the wife is not entitled to alimony pendente lite as a matter of right.

In Mancil v. Mancil, 240 Ala. 404, 199 So. 810, 811, a suit by a wife seeking a divorce from bed and board for cruelty, it was held: "In a suit as this to entitle complainant to suit money, a prima facie case must be shown on her behalf. Brindley v. Brindley, 121 Ala. 429, 430, 25 So. 751; Brady v. Brady, 144 Ala. 414, 417, 39 So. 237." See, also, Ex parte Austin, supra [245 Ala. 22, 15 So.2d 712], where it is said: "In this instance, the petition for alimony and attorney's fee pendente lite was filed and reference ordered on filing the answer and cross-bill by the wife. No question was then raised as to the good faith of the defense or the probability of success. No evidence was presented on these issues on the reference or at any time during the proceedings. In such case, the propriety of the order is determined by an inspection of the pleadings, here an unsworn bill, and unsworn answer and cross-bill. A clear denial of the charge of adultery in the answer of the wife presents an issue called for by the bill of the husband. There is no basis for holding the answer was made in bad faith."

■■ It is generally held that a wife guilty of marital misconduct is not entitled to alimony pendente lite. Ex parte Austin, supra. Consequently, if she admits, or does not deny, charges of misconduct, which are sufficient to entitle the husband to a divorce, her right to temporary alimony may well be denied. 27 Corpus Juris Secundum, Divorce, p. 900, § 208, subsec. i.

■ When, as here, the husband brings the suit for divorce, and charges the wife with marital misconduct, to entitle the wife to alimony and solicitor's fees pendente lite, she must, at least, make out a prima facie case, one element of which is her good faith in defending the suit. And, in the Austin case, supra, the holding was that a denial of the grounds of divorce in the answer of the wife suffices to make out a prima facie case in her behalf. But in the instant case, we have no such answer by the wife denying the grounds for divorce, as set out in the bill, nor does it appear that the wife in any other manner indicated a defense to the suit. Such good faith on the part of the wife may be determined by the court, or the question may be included in the order of reference to the register. A decree of the court ordering the payment of alimony and solicitor's fees pendente lite, in the absence of prima facie case of good faith on the part of the wife is improvidently entered, and must be set aside.

■ To the extent indicated, that is, as to the payment of attorney's fee and alimony pendente lite, the writ of mandamus is due to be and is granted.

Writ of mandamus awarded.

GARDNER, C. J., and FOSTER, STAKELY and SIMPSON, JJ., concur.

THOMAS and BROWN, JJ., dissent.

BROWN, Justice (dissenting).

This is an original application for writ of mandamus seeking to review the decretal order of the Circuit Court of Jefferson County, sitting in equity, Hon. George Lewis Bailes presiding, referring to the register of said court the matter of ascertaining the faculties of the complainant and of the defendant and what would be a reasonable allowance to the defendant as alimony pendente lite, suit money and solicitor's fees.

This is a proceeding in equity wherein the bill was filed by the husband against the wife for divorce, charging voluntary abandonment by the wife for one year next preceding the filing of the bill. The case was submitted here on petition for mandamus, the demurrer and answer of the respondent thereto. A transcript of the record of the proceedings in the circuit court is neither attached to the petition nor the answer and this court is not advised as to the contents of the motion or petition filed by the wife seeking temporary alimony and solicitor's fees. Nor is the order of reference, the testimony taken before the register, the exceptions to the register's report, nor the decretal order of the court, overruling the exceptions and granting temporary alimony and solicitor's fees, made a part of this record. The demurrer and the answer both challenge the sufficiency of the petition on that ground.

In my opinion, the demurrers are well taken, and should be sustained. For aught that appears before us, taking the answer of the judge as true, the good faith of the defendant was not questioned. She had been brought into court by due process of law at the instance of the husband, who concedes that she is his wife. This proceeding is in lieu of an appeal, no appeal being authorized, and if an appeal was authorized and the case presented on a mere petition without a record, no one would contend that the judgment and decree of the court could be reviewed. See Ex parte Austin, 245 Ala. 22, 15 So.2d 710, where all the proceedings were set out.

The majority proceed on the theory that the primary court should take as true the charges filed by the husband in the absence of a denial by answer and hold on the authority of Ex parte Austin, 245 Ala. 22, 15 So.2d 710, 712, that the wife had by her misconduct forfeited her right to an allowance, or that the husband was relieved of his obligation of support by such misconduct (the utterance referred to is found in the second paragraph on page 712 of the Southern Reporter); and ignore the absence of the petition or motion of defendant, which, so far as here appears, contained a substantial denial of the truth of the complainant's allegations.

The burden here is on the petitioner who seeks to vacate an order of a court of competent jurisdiction to show that the court had acted contrary to law in entering said decree; and the effect of the holding of the majority is to examine into the merits of the charges made by the husband against his wife and determine in advance of hearing that the wife is acting in bad faith. We quote from the majority opinion: "When, as here, the husband brings the suit for divorce, and charges the wife with marital misconduct, to entitle the wife to alimony and solicitor's fees pendente lite, she must, at least, make out a prima facie case, one element of which is her good faith in defending the suit. * * *"

We here repeat what was said in Arnold v. Arnold, Ala.Sup., 18 So.2d 730, 736: [1] "The propriety of an allowance of alimony pendente lite, suit money and solicitor's fees in a proceeding for divorce is rested upon the established or conceded relation of husband and wife, the duty of support resting upon the husband so long as that relation exists. And as a general rule an inquiry into questions of good faith is limited to the existence of the marriage where its existence or validity is disputed by answer. The court will not ordinarily go into the merits of the cause of action, but will limit the inquiry to an examination of the pleadings and affidavits. Ex parte Austin, 245 Ala. 22, 15 So.2d 710; 17 Amer.Juris. 435, §§ 540, 541."

This utterance is sustained by universal authority.

In my judgment the petitioner has not shown that the court erred in the order made, and the petition should be dismissed.

THOMAS, J., concurs in the dissent.

---

[1] 246 Ala. 86, 93.