50 So.2d 447

### Ex parte TRANUM.

### 4 Div. 626.

Supreme Court of Alabama.

Feb. 8, 1951.

E. O. Baldwin, of Andalusia, for petitioner.

Robt. B. Albritton and Albert L. Rankin, of Andalusia for respondent.

LIVINGSTON, Justice.

Mandamus to review a decree fixing alimony pendente lite and solicitor's fees in a divorce suit instituted by petitioner in the Circuit Court, in Equity, of Covington County. The remedy pursued is not questioned. Ex parte Watson, 220 Ala. 409, 125 So. 669, and cases cited.

On November 30, 1949, petitioner, L. D. Tranum, sued his wife, Anna Tranum, for a divorce, alleging abandonment. The wife interposed an answer and cross bill in which she denied the allegations of the original bill and prayed for alimony pendente lite and solicitor's fees and permanent alimony. Petitioner answered the cross bill denying the allegations thereof.

On January 20, 1950, the Hon. B. W. Simmons, as Judge of the Circuit Court of Covington County, ordered the register to hold a reference to ascertain the proper amount of alimony and solicitor's fees due the wife pending the litigation for a divorce. The reference was held by the register on January 30, 1950, and on February 24, 1950, he reported the sum of fifty dollars per month as alimony pendente lite and the sum of one hundred and fifty dollars as solicitor's fees to be reasonable. On March 1, 1950, petitioner filed exceptions to the register's report. The matter then rested until September 6, 1950, when Judge Simmons entered a decree overruling petitioner's exceptions to the register's report and ratified and confirmed the report.

On October 4, 1950, a rule nisi was issued out of this Court directed to the Hon. B. W. Simmons, as Judge of the Circuit Court of Covington County, commanding him to set aside his decree of September 6, 1950, or to show cause, etc., on November 9, 1950, why he should not do so. Judge Simmons filed his answer on November 9, 1950, and petitioner joined issue thereon.

Other proceedings were had in the cause pending the ruling of this Court on this petition for mandamus. It is unnecessary to notice them for the reason that they are answered by this opinion or rendered moot thereby.

The only question presented by this petition for mandamus is the reasonableness of the amounts fixed by the decree of the court below for alimony pendente lite and solicitor's fees. The question here is one of fact.

■ An allowance of alimony pendente lite and solicitor's fees grows out of the relationship of husband and wife, the legal obligation of the husband to support and maintain the wife, which continues so long as they remain husband and wife, unless forfeited by the misconduct of the wife, or special circumstances relieve the husband of such obligation. Ex parte Austin, 245 Ala. 22, 15 So.2d 710; Ex parte Phillips, 247 Ala. 94, 22 So.2d 611.

Here the alimony pendente lite and solicitor's fees were sought on the interposition by the wife of answer and cross bill and no question was raised as to the good faith of the defense or the probability of success. See, Ex parte Austin, supra; Ex parte Phillips, supra.

■ In the instant case the register's report was based on the oral examination of witnesses. It is presumed to be correct. Ex parte Wood, 215 Ala. 280, 110 So. 409; Johnston v. Johnston, 212 Ala. 351, 102 So. 709; Curtis v. Curtis, 180 Ala. 70, 60 So. 165; Ex parte Harris, 228 Ala. 88, 152 So. 449. This presumption in favor of the correctness of the register's report is strengthened by the decree of the court ratifying and confirming it. Authorities supra.

■ There is some conflict in the testimony, but according to petitioner's own admission he earns something over two hundred dollars per month, and his principal indebtedness consists of payments on an automobile. The wife is unemployed. She owns an interest in a house and lot, but its rental value is conjectural. The parties have a grown daughter with whom the wife and mother is now living. There is other evidence relative to the health, earning capacity and circumstances surrounding the parties but, in our opinion, it would serve no good purpose to here set out its conflicting tendencies. Suffice it to say, we have carefully examined the record and are unwilling to overturn the findings of the register and its ratification and confirmation by the trial court.

Petition denied.

FOSTER, LAWSON and STAKELY, JJ., concur.