53 So.2d 328

### Ex parte LEWIS.
### 6 Div. 204.

Supreme Court of Alabama.
June 14, 1951.

M. B. Grace, Birmingham, for petitioner.

J. Haran Lowe and Chas. C. Williams, Ensley, for respondent.

SIMPSON, Justice.

Original petition for mandamus to review an order of the circuit court in equity awarding defendant, Kate Lewis, temporary alimony and attorney's fees in a divorce action filed by petitioner, Ernest Lewis. This is the approved procedure to review such order. Ex parte Hyatt, 254 Ala. 359, 48 So.2d 329.

We will not write to all of the propositions argued because of our conclusion that the award of suit money was improvidently entered. The case comes within the influence of Ex parte Phillips, 247 Ala. 94, 96, 22 So.2d 611, 613, wherein it was said that:

"It is generally held that a wife guilty of marital misconduct is not entitled to alimony pendente lite. Ex parte Austin, supra, [245 Ala. 22, 15 So.2d 710]. Consequently, if she admits, or does not deny, charges of misconduct, which are sufficient to entitle the husband to a divorce, her right to temporary alimony may well be denied. 27 Corpus Juris Secundum, Divorce, p. 900, § 208, subsec. i.

"When, as here, the husband brings the suit for divorce, and charges the wife with marital misconduct, to entitle the wife to alimony and solicitor's fees pendente lite, she must, at least, make out a prima facie

case, one element of which is her good faith in defending the suit. And, in the Austin case, supra, the holding was that a denial of the grounds of divorce in the answer of the wife suffices to make out a prima facie case in her behalf. But in the instant case, we have no such answer by the wife denying the grounds for divorce, as set out in the bill nor does it appear that the wife in any other manner indicated a defense to the suit. * * * A decree of the court ordering the payment of alimony and solicitor's fees pendente lite, in the absence of prima facie case of good faith on the part of the wife is improvidently entered, and must be set aside."

The same situation prevails here. Rather than the defendant having made out a prima facie case of good faith, her pleading imports the contrary. She has not denied the allegations of the original bill and by her manner of pleading appears to have studiously avoided tendering an issue on its allegations of marital misconduct. She demurred and, without waiving demurrer, filed a cross bill alleging other grounds of misconduct on the part of her husband on the basis of which she prays for a divorce. The demurrer was a stock one and somewhat frivolous, and as a matter of pleading admitted the allegations of the original bill and then, without denying the allegations of the original bill, she files her cross bill seeking a divorce from her husband. If both parties are guilty of marital misconduct as would warrant a divorce decree against the other, as the pleading now shows, neither would be entitled to relief, Stabile v. Stabile, 203 Ala. 635, 84 So. 801; Butler v. Butler, 254 Ala. 375, 48 So.2d 318, resulting that defendant would not be entitled to suit money.

Such is the status of the pleading on which the order was entered, and we think the trial court should have exercised his discretion and denied the award.

So considered, the writ will be granted. Writ granted.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.