This appeal is from a decree of the Circuit Court of Colbert County awarding child custody, child support and periodic alimony to the appellant-wife pursuant to a judgment of this court.
In March 1975 this court in Thompson v. Thompson, 54 Ala. App. 498, 310 So.2d 220 decided on original submission that the trial court's award of a divorce to the wife was proper and that the award of the homeplace and forty acres of land adjoining was also proper, but we said that the wife should have been given custody of a fifteen year old daughter, child support, and periodic alimony. We remanded the case to the trial court for the entry of a judgment in accordance with these findings.
As directed, the trial court held a hearing on the issue of child support and periodic alimony. The parties stipulated that custody should be in the mother. After hearing testimony from both sides, the trial court awarded custody of the child to the appellant, awarded her $25.00 per week as child support and also decreed that she was to receive $35.00 a week as periodic alimony.
The evidence shows that at the first hearing in this matter, the appellee's assets were around $200,000 and his debts amounted to $92,000. At the second hearing the evidence tended to show that appellee's indebtedness had risen to about $117,000, with his grocery business losing money rather than showing a profit. It was also shown that negotiations were under way to sell the grocery business. Such a sale would net appellee approximately $300 a month. He testified that he had no other income.
On the other hand, in the first decree the wife had been awarded the house and forty acres of land. She testified that she was required to pay off the mortgage thereon at the rate of about $70 per month. In addition she rented the forty acres at the rate of $50 a month. She stated she was being considered for a supervisor's job at her place of employment, and if promoted would receive an increase in pay. Appellant concluded that it would take $500.00 to $550.00 a month for her and her child to live.
Appellant first contends that the amount of child support and periodic alimony is inadequate to supply their needs and the trial court's award in this regard should be reversed.
The criterion by which the amount of child support and periodic alimony is judged is the need of the child or wife as compared to the ability of the husband to respond to that need.Donahey v. Donahey, 52 Ala. App. 596, 296 So.2d 188 (1974); seealso Ellison v. Ellison, 48 Ala. App. 80, 261 So.2d 911 (1972).
In the case at bar the appellant says that the amount she needs to support herself and the child is $500 to $550 per month, and the evidence shows that her present income from all sources including alimony and child support amounts to $586. Obviously, the needs of the appellant and her child are being met for the present but not wholly through the efforts of appellee. However, the record shows that in the last two years appellee's debts have increased considerably while his income has shriveled to practically nothing. The trial court undoubtedly concluded that appellee's ability to respond to the needs of the appellant and *Page 3 
the child would not authorize a greater amount to be awarded than was decreed. Based on the evidence before the trial court, we cannot say that its award to the appellant and child was plainly and palpably erroneous.
Appellant next says that the trial court erred in requiring that the child support and alimony payments commence with the second decree rather than requiring said payments to be retroactive to the first decree. We see no merit in this argument.
The financial circumstances showing appellee's ability to pay the child support are pictured to be less now than before; consequently we feel that it would be an unfair burden on appellee to require that he pay back alimony and child support. The trial court's decree in this regard is not in error.
Appellant further argues that the trial court erred in terminating the $50 per month alimony which had been granted pending a final determination of the matter after the first decree in this case. There is no error here.
Alimony pendente lite is based on the legal obligation of the husband to support and maintain the wife and thus depends on the relationship of husband and wife. Ex parte Tranum, 255 Ala. 143, 50 So.2d 447 (1951); Ex parte Phillips, 247 Ala. 94,22 So.2d 611 (1945). A decree of divorce a vinculo immediately puts an end to all duties and obligations necessarily dependent upon the continuance of that relationship. Ex parte Thornton,272 Ala. 4, 127 So.2d 598 (1961). Thus, a wife's right to alimony pendente lite is terminated upon issuance of the final divorce decree.
A final decree was rendered by the trial court on June 14, 1974. The temporary alimony payment of $50 was properly terminated as of that date. We would also point out that the record is devoid of any request for alimony pendente lite the appeal to this court. See Segars v. Segars, Ala.Civ.App.,333 So.2d 155 (1976).
Finally, appellant says that she should be awarded attorney's fees for her lawyer's services in the various proceedings had in this case.
To begin, we would point out that appellant's counsel was awarded $250 for his services in the first trial. Thereafter no request for the allowance of an attorney's fee was presented to this court on the first appeal, nor does the record disclose that a request was made to the trial court for the award of an attorney's fee in the second trial. A request has been made before this court for the award of an attorney's fee on this appeal.
With regard to appellant's request for attorney's fees for services rendered in the proceeding below, the allowance of counsel fees under Title 34, Section 30, Code of Alabama 1940 (Recomp. 1958) is left to the sound discretion of the trial court. Ledyard v. Ledyard, 46 Ala. App. 27, 237 So.2d 511
(1970). Where there was no determination by the trial court on that question, failure to award counsel fees is not reviewable on appeal. Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281
(1968); Apperson v. Apperson, 217 Ala. 157, 115 So. 229 (1928).
Appellant's request for the award of an attorney's fee here is timely.
The award of an attorney's fee on appeal in a domestic relations case is discretionary with this court. Walker v.Walker, 56 Ala. App. 98, 319 So.2d 718 (1975); Colombaro v.Colombaro, 54 Ala. App. 157, 306 So.2d 23 (1975). This is so even though appellant was not successful in her appeal. Although we find that the trial court did not abuse its discretion in the amount of alimony awarded appellant, she is likely to have need of what assets she has. See Shell v. Shell,48 Ala. App. 668, 267 So.2d 461, cert. den. 289 Ala. 751,267 So.2d 467 (1972). In the instant case, we find that a reasonable attorney's fee should be awarded appellant for her counsel's services in this appeal. We further conclude that $300 would be a reasonable amount.
For the reason stated above, the judgment of the trial court is affirmed, and an *Page 4 
attorney's fee of $300 is hereby awarded to appellant for this appeal.
ATTORNEY'S FEE AWARDED; JUDGMENT AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.