MOORE, Judge,
concurring in the rationale in part and concurring in the result.
I concur in the rationale of the main opinion, except as to the issue of attorney’s fees.
According to the “American rule,” “[i]n the absence of contract, statute, or recognized ground of equity, there is no inherent right to have attorney’s fees paid by opposing side.” Johnson v. Gerald, 216 Ala. 581, 582, 113 So. 447, 448 (1927). Alabama originally did not have any statute addressing attorney’s fees in divorce cases; hence, in the absence of an agreement between the parties, the courts depended on equity as the only ground for awarding attorney’s fees in divorce cases.
In Ex parte Smith, 34 Ala. 455 (1859), the supreme court inquired into the questions of “in what cases, and under what circumstances,” ecclesiastical courts, those English courts exercising equitable jurisdiction over divorce cases, would award attorney’s fees. The court determined that, under the common law, a husband owed a duty to support his wife during the term of the marriage. By common-law rules, a wife could not obtain a divorce without first living apart from the husband. The enforced separation did not end the marital relation, however, and the husband remained obligated to support the wife, who, by virtue of the doctrine of coverture, could not hold any property of her own. Thus, ecclesiastical courts would order the husband, as a component of his duty of support, to pay the wife’s attorney’s fees in order that she could maintain her suit or afford a means of defense. See also Richardson v. Richardson, 4 Port. 467 (1837). Hence, early Alabama decisions held that attorney’s fees should be considered a form of alimony pendente lite, temporary support payable to the wife as a marital obligation so that she could pay the costs of prosecuting, defending, or otherwise maintaining a divorce action. See, e.g., Rast v. Rast, 113 Ala. 319, 322, 21 So. 34, 35-36 (1896); Johnson v. Gerald, supra; and Farrell v. Betts & Betts, 16 Ala.App. 668, 81 So. 188 (1918). As such, the same principles governing pendente lite alimony awards applied equally to awards of attorney’s fees, see Mancil v. Mancil, 240 Ala. 404, 405, 199 So. 810, 811 (1941), both forms of temporary support being sustainable only when the wife was without sufficient means and the husband could pay. See Brady v. Brady, 144 Ala. 414, 39 So. 237 (1905).[13]
Modern Alabama law does not follow the common-law-coverture doctrine, which left married women without means to afford their own attorneys’ fees during marriage. Moreover, modern Alabama law, unlike the common law, provides that alimony may be payable after the termination of the marriage. However, modern Alabama law still considers attorney’s fees a form of alimony. See McNutt v. Beaty, 370 So.2d 998, 1000 (Ala.1979) (affirming that “[a]n award of attorney’s fees is derivative and solely for the benefit of the party who is granted the divorce and' cannot pay his or her attorney”); and Smith v. Smith, 365 So.2d *354 88 (Ala.Civ.App.1978). Having fully researched the topic, I cannot locate any cases in which our supreme court has retreated from its original position that attorney’s fees in divorce cases shall be based on the same principles and considerations applicable to alimony awards.[14]
This court has acknowledged that the right to an award of attorney’s fees is incidental to an award of alimony and is based on the same considerations. See, e.g., Robinson v. Robinson, 410 So.2d 426 (Ala.Civ.App.1981). This court has even denied requests for attorney’s fees on appeal on the basis that the record evidence showed that the petitioner could afford to pay for those fees, see Monk v. Monk, 386 So.2d 753 (Ala.Civ.App.1980), and Foreman v. Foreman, 379 So.2d 89 (Ala.Civ.App.1980), or that the respondent lacked the wherewithal to pay. See Cobb v. Cobb, 352 So.2d 1384 (Ala.Civ.App.1977). Nevertheless, in Jernigan v. Jernigan, 335 So.2d 178 (Ala.Civ.App.1976), this court rather offhandedly dismissed an argument that attorney’s fees could not be awarded to an ex-wife who indisputably could pay her own fees, saying:
“[A] party’s affluence does not mean that he or she cannot be awarded attorney’s fees, especially where,- as ■ here, both parties are apparently capable of paying their own attorneys. An award of attorney’s fees is a matter for the sound discretion of the trial judge. See 8 Ala. Dig. Divorce Key notes 221, 223.”
335 So.2d at 180. In Covington v. Covington, 675 So.2d 436 (Ala.Civ.App.1996), this court also stated that a trial court may award attorney’s fees “without evidence of financial need.” 675 So.2d at 438 (citing Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ.App.1980)). Notably, the Jemigan opinion did not cite a single case to support its conclusion, relying solely on the discretion of the trial court, without considering the principles regulating that discretion. Cov-ington actually misstated the holding in Tidwell, in which the court affirmed an attorney-fee award because the record contained evidence of the wife’s financial need. See 379 So.2d at 615. Rejecting the holdings in Jemigan and Covington, I conclude that it is not only proper, but required, that this court apply alimony principles when reviewing awards of attorney’s fees in divorce cases. See Ala.Code 1975, § 12-3-16 (providing that opinions of Supreme Court of Alabama govern the decisions of Court of Civil Appeals).
Matters of alimony rest “in the sound judicial discretion of the trial court.” Shewbart v. Shewbart, 64 So.3d 1080, 1087 (Ala.Civ.App.2010); see also Hewitt v. Hewitt, 285 Ala. 516, 521, 234 So.2d 283, 287 (1970) (in awarding attorney’s fees, a trial court must use judicial, not arbitrary, discretion). In Shewbart, this court set out the framework a trial court should follow in ruling on a petition for periodic alimony. Using that framework, to paraphrase Shewbart, in deciding a request for attorney’s fees, “a trial court essentially determines whether the petitioning spouse has demonstrated a [financial] need for [the fees] that the responding spouse can and, under the circumstances, should meet.” 64 So.3d at 1087.
Whether a divorcing spouse needs the opposing spouse to pay his or her attorney’s fees turns on a consideration of the petitioning spouse’s “individual assets, in- *355 eluding his or her own separate estate, the marital property received as part of any settlement or property division, and his or her own wage-earning capacity.” Id. at 1088. “Once the financial need of the petitioning spouse is established, the trial court should consider the ability of the responding spouse to meet that need,” taking into account the property, income, and earning capacity of the responding spouse. Id. Lastly, as in alimony cases, the court should take into account “the equities of the case,” 64 So.3d at 1088, including the cause for the litigation, the parties’ conduct during the litigation, the services provided by the attorneys, the results of the litigation, and the reasonable value of the services of the attorneys. See generally K.D.H. v. T.L.H., 3 So.3d 894 (Ala.Civ.App.2008).
In this case, William P. Vardaman (“the husband”) notes that Carol A. Vardaman (“the wife”) received a very generous property award and that “an examination of the parties’ respective abilities to pay weighs heavily against compelling [h]usband to pay [wjife’s attorney’s fees.” The husband maintains that, in order to pay the wife’s attorney’s fees, he would have to surrender all of his gross income for the next six years. Alternatively, 'it appears that he would have to consume most of the liquid assets he received in the property division, further decreasing his share of the marital estate. See Newton v. Newton, 655 So.2d 1033, 1035 (Ala.Civ.App.1995) (court should consider whether party has liquid assets from which to pay attorney’s fee).
“The determination of whether the petitioning spouse has a need for [attorney’s fees and] of whether the responding spouse has the ability to pay [attorney’s fees] ... are ... questions of fact for the trial court_” Shewbart, 64 So.3d at 1089.
“On appeal from ore tenus proceedings, this court presumes that the trial court properly found the facts necessary to support its judgment and prudently exercised its discretion. G.G. v. R.S.G., 668 So.2d 828, 830 (Ala.Civ.App.1995). That presumption may be overcome by a showing from the appellant that substantial evidence does not support those findings of fact, see § 12-21-12(a), Ala. Code 1975, or that the trial court otherwise acted arbitrarily, unjustly, or in contravention of the law. Dees v. Dees, 390 So.2d 1060, 1064 (Ala.Civ.App.1980).”
Id. Based on the evidence in the record, the husband’s argument against the award seems meritorious. I believe that the trial court may have erred in awarding any attorney’s fees at all. I further agree with the main opinion that the record lacks evidence to support a finding by the trial court that the amount of the award is “equitable in light of the totality of the evidence and the division of assets between the parties.” 167 So.3d at 352. Thus, I agree that the judgment should be reversed and the cause remanded for reconsideration of the award and for the entry of findings of fact to support the trial court’s ultimate determination so that, if called upon to do so, this court can more meaningfully engage in appellate review of the award.

. Although not pertinent to the present discussion, the supreme court later recognized that attorney's fees could be recovered in modification actions. See, e.g., Whittle v. Whittle, 272 Ala. 32, 128 So.2d 92 (1961). In those cases, the allowance of attorney’s fees is based upon the same considerations as the allowance of permanent alimony. See Smith v. Smith, 365 So.2d 88, 94 (Ala.Civ.App.1978).

. In Ex parte Handley, 460 So.2d 167 (Ala.1984), the supreme court decided that a parent could obtain attorney’s fees in a custody dispute with a nonparent on "equitable” grounds. However, that case did not overrule the line of cases cited in this special writing. See also Ex parte Baker, 143 So.3d 754, 755-61 (Ala.2013) (Moore, C.J., dissenting) (criticizing the holding in Ex parte Hand-ley).