127 So.2d 598

Ex parte Gartis G. THORNTON.

Bertha Loden THORNTON

v.

Gartis G. THORNTON.

6 Div. 338.

Supreme Court of Alabama.

March 2, 1961.

E. B. Haltom, Jr., Florence, for petitioner.

Knabe & Nachman, Montgomery, for Bertha Loden Thornton.

COLEMAN, Justice.

This is a petition for certiorari to review and set aside a decree of the circuit court, in equity, holding the petitioner guilty of contempt for failure to obey a decree of the equity court rendered June 2, 1947.

On May 9, 1947, Bertha Loden Thornton, as complainant, commenced Case No. 2134 in the Circuit Court of Marion County, in Equity, by filing a bill of complaint against her husband, the petitioner, as respondent. The bill alleges that the complainant and respondent were married to each other December 25, 1940, and lived together as husband and wife until October 1, 1946, when they separated; that respondent has committed acts of violence on the person of complainant, has assaulted and beat her, and that there was danger to her health on account of said assault; that the parties have two children who are in the custody of complainant; that since the separation of the parties, respondent has failed and refused to support complainant and the children; that respondent is employed, is receiving a wage of approximately $500 per month, and is well able to pay "both temporary and permanent alimony to this complainant, and a reasonable sum both temporary and permanent for the support of said children," and a fee for complainant's solicitor.

The prayer for relief is:
" * * * that the said defendant be required to pay a reasonable sum during the pendency of this cause for the support of this complainant; that he likewise be required to pay a reasonable sum during the pendency of this

**6**

cause for the support of the said children; that permanent alimony for the support of herself and reasonable allowance for the permanent support of said children be required to be paid by the defendant by final decree of this Court; that the complainant be awarded the permanent custody and control of said children;

"(b) That defendant be required to pay a reasonable sum as temporary solicitors fees and a reasonable sum as solicitors fee for the complete prosecution of this cause;

"(c) That all the testimony in this case be taken orally before the Court;

"(d) That this cause be set down for hearing by the Court to ascertain and fix such sum or sums as may be reasonable and proper to be paid this complainant for temporary alimony, support for said children and solicitors fees, pending this litigation;

"(e) And complainant prays for general relief."

There is no prayer for divorce.

Respondent was served with summons and a copy of the bill of complaint on the day it was filed.

On June 2, 1947, the court rendered the following decree:

"This cause coming on to be heard upon the application of the complainant for temporary alimony and temporary solicitors fee; and comes the complainant, and it appearing to the court that the defendant has been notified of this hearing in accordance with the terms of the decree rendered on the 22nd day of May, 1947, and defendant being called, comes not but makes default.

"Whereupon, the court proceeds to hear the testimony offered by the complainant; and, upon consideration thereof, it is ordered, adjudged and decreed:

"That the defendant shall, pending final hearing in this cause, pay to the register of this court the sum of $120.-00 within ten days from this date, and a like sum shall be so paid on the first day of July, 1947, and the first day of each subsequent month, as alimony for the complainant; and that within ten days from this date the said defendant shall pay to the register the sum of $100.00 as temporary solicitors fee to be paid the complainant's solicitors, * * *

"Upon defendant's failure to comply with the terms of this decree, the register of this court shall forthwith make report thereof to this court, for further appropriate action."

On November 26, 1957, the court entered an order for arrest of respondent. The order recites that on October 30, 1947, respondent was adjudged in contempt for failure to comply with the decree of June 2, 1947, and orders that respondent be committed to jail until he complies with the decree of June 2, 1947. On motion of respondent, the arrest order of November 26, 1957, was quashed.

On December 28, 1957, complainant filed petition for a rule to require respondent to show cause why he should not be adjudged in contempt for failure to comply with the decree of June 2, 1947. The petition recites that respondent is entitled to credit of $1,800 paid for him by his father towards support of complainant and the children. The petition recites that respondent has threatened to leave the State and prays for writ of ne exeat to restrain him. By amendment to the petition, complainant further prays that respondent be required to support the children and to pay solicitor's fee.

After hearing, the court, on March 6, 1958, adjudged respondent to be in contempt for failure to comply with the decree of June 2, 1947, and in arrears in the sum of $11,887. Complainant was committed to jail, to be held until he should purge himself of contempt by complying with the decree. The decree further ordered respondent to pay $100 per month for support of the children. Motion of respondent for rehearing was overruled. By petition for certiorari, the respondent seeks reversal of that portion of the decree which holds him in contempt. All the foregoing proceedings were had in Case No. 2134.

Respondent's defense is based on the proceedings and decree in Case No. 2209 in the same court. Case No. 2209 was commenced by bill of complaint filed by complainant against respondent December 31, 1947. The bill alleges that complainant is now and has been for more than one year next preceding the filing of the bill a resident citizen of Marion County, that respondent has left the State and his residence is unknown and cannot be ascertained, that complainant and respondent were married to each other December 25, 1940, and lived together until October 1, 1946. The bill charges respondent with abandonment for more than twelve months, and avers that the parties have the two children already mentioned who are in custody of complainant. The bill prays for custody of the children and for divorce. There is no prayer for alimony of any sort.

Service was had by publication. Decree pro confesso was rendered against respondent. Testimony was taken. Final decree was rendered in Case No. 2209 on April 29, 1948. That decree dissolved the bonds of matrimony between complainant and respondent, awarded custody of the children to complainant, and prohibited respondent from again contracting marriage until further order of the court. No alimony was awarded.

Respondent contends that the decree in Case No. 2209 terminated the right of the complainant to alimony under the decree in Case No. 2134 as to installments becoming due after April 29, 1948, the date of the decree in Case No. 2209.

The decree of June 2, 1947, by its terms, is a decree for "alimony," to be paid "pending final hearing in this cause." The bill does not pray for and the decree does not grant a divorce of any sort. The decree requires respondent to pay monthly a sum certain "as alimony for the complainant." Whether the allowance was made under § 30, Title 34, Code 1940, which the wife says is not the case, or under the jurisdiction of the equity court independent of the statute, the allowance is an allowance pendente lite. The bill did not pray for divorce and any final award under the bill would necessarily be an allowance for separate maintenance.

■ The name given to the allowance is not of controlling significance. A court of equity has jurisdiction to make an allowance for separate maintenance without a divorce either sought or granted, but there is no jurisdiction in the court to grant "permanent alimony" without a divorce, Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97.

■ We are of opinion that the allowance to the wife by the decree of June 2, 1947, cannot have a permanence greater than that of an allowance for separate maintenance. It has long since been determined in this jurisdiction that a decree of divorce a vinculo puts an end to the relation of marriage as effectively as would result from the death of either party, and as a consequence all duties and obligations necessarily dependent upon the continuance of that relationship immediately cease, Ex parte Jones, 249 Ala. 386, 388, 31 So.2d 314.

The decree of divorce a vinculo rendered in No. 2209 on April 29, 1948, put an end to the relation of marriage between complainant and respondent, and, consequently, the obligation of the respondent to provide thereafter for the support of the complainant was at an end. Harrison v. Harrison, 20 Ala. 629; Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L.R.A. 95; Downey v. Dow-

ney, 98 Ala. 373, 13 So. 412, 21 L.R.A. 677; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198; Ex parte Jones, supra.

In Harrison v. Harrison, supra, the wife had obtained in South Carolina a decree requiring her husband to pay for her separate maintenance. Thereafter, the husband obtained in Alabama a decree of divorce a vinculo on service by publication on the wife who remained in South Carolina. The decree was confirmed by an act of the Legislature of Alabama. The husband died some six years after passage of the act. After the death of the husband, the wife brought an action against the personal representatives of the deceased husband to recover unpaid installments which had allegedly accrued by virtue of the South Carolina decree for separate maintenance. This court held that the wife could recover the allowance for her support which had accrued down to the time of passage of the act confirming the divorce, but nothing which accrued thereafter. With reference to the effect of the two decrees on each other, this court said:

"We are of opinion that both decrees may stand, so far as in their results they are not incompatible with each other. The subject-matter and object of each are wholly different. The first seeks to enforce the obligations and duties springing out of the relation of marriage; the second, entirely to annul that relation, and having effected the contemplated object, puts a period to the operation of the first, which is necessarily dependent upon that relation. True, the South Carolina Court, not recognizing the doctrine of divorce, did not fix upon that as a period terminating the provision made by its decree for the wife; but when she seeks her remedy in this State, where divorces are granted, she submits to the law of the *forum* governing that remedy; and as by this law an end has been put to the relation of marriage, as effectually as would have resulted from the death of either of the parties, as a consequence, all duties and obligations necessarily dependent upon the continuance of that relation, immediately cease." 20 Ala. 629, 649.

So in the instant case, the decree of divorce from the bonds of matrimony, rendered in No. 2209 on April 29, 1948, barred the wife's right to further recovery under the prior decree. Consequently, respondent was not in contempt for failure to make payments which allegedly became due thereafter.

The petition recites that respondent is entitled to credit for $1,800. The most that could have become due under the decree of June 2, 1947, before April 29, 1948, was eleven payments at $120 each, or $1,320, plus $100 solicitor's fee. If he had paid $1,800, as complainant alleges, he had complied with the decree and the decree of March 6, 1958, holding respondent in contempt was erroneous.

Complainant cites Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825, for the proposition that a decree for alimony is a judgment and enforceable as such. In the Rochelle case, however, the decree was for permanent alimony on absolute divorce which is not the instant case.

In reply brief, complainant argues that because the court did not have jurisdiction of the person of respondent in No. 2209, and, therefore, could not render a valid decree against him in personam for permanent alimony, the wife should not be compelled to "surrender her rights and those of her children under a valid support decree in order to get a divorce." As we have undertaken to show, the rule is of long standing that a divorce a vinculo cuts off the right to separate maintenance. It is difficult to understand how we can now hold otherwise in the light of our prior decisions. If the complainant's right to alimony pendente lite or to separate maintenance has been lost, and we think it has, the loss is the result of her own act in prosecuting to conclusion her second suit for divorce from the bonds of matrimony.

In Harrison v. Harrison, supra, the divorce a vinculo was obtained by the husband on publication. Here it is not the husband, but the wife herself who obtained the divorce a vinculo by publication.

The result here is not in conflict with Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456, cited by complainant. In that case the holding was that in a divorce suit brought by the husband in Nevada, the Nevada Court, which never acquired jurisdiction of the person of the wife, had no power by its decree to extinguish the wife's right to support under the law of New York, and that the New York Court was not bound in that respect by the Nevada decree. In the case at bar the wife herself initiated in Alabama the suit which, under Alabama law, cut off her right to support. She cannot now say that the Alabama Court shall not recognize its own decree rendered in response to her own prayer.

Reversed and Rendered.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.