Argued January 5, affirmed February 28, 1968

BROWN, *Respondent, v.* BROWN, *Appellant.*

437 P. 2d 845

*Frank E. Bocci,* Eugene, argued the cause and filed the brief for appellant.

*Max A. Ingerson,* Eugene, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and GOODWIN, DENECKE, and HOLMAN, Justices.

HOLMAN, J.

This is a proceeding to reduce to judgment the amount of delinquent child support payments under a decree of separate maintenance. Defendant wife appeals from an order declaring that there are no payments due.

The husband sued the wife in Oregon for divorce and the wife countered with a suit for separation from bed and board. On September 19, 1962, the court dismissed the husband's suit and granted the wife a de-

cree of separation for a period of not more than two years. The decree awarded custody of two children to the wife and directed the husband to pay $100 per month support for each child.

The husband immediately moved to Nevada, established residence, and brought a suit for divorce in the district court of Washoe County. There is no question raised concerning the genuineness of defendant's residence. The wife was served by personal service in Oregon. She did not appear. Upon her default, the Nevada court, on March 6, 1963, granted a divorce to the husband. The Nevada decree directed the husband to pay $50 per month for the support of each child.

This proceeding was commenced in 1966 when the husband returned to Oregon.

The trial court found that the Nevada decree terminated the husband's obligation to pay support under the Oregon separation decree, and that the husband had complied with the Oregon decree up until its termination.

In *Rodda v. Rodda,* 185 Or 140, 200 P2d 616, 202 P2d 638 (1949), we held that a Nevada divorce terminates support payments under an Oregon separation decree because it destroyed the marriage relationship which was a necessary prerequisite to separation from bed and board. There were only two differences in the facts from the case at hand. First, in *Rodda* the payments were for the support of the wife rather than the children. Second, in *Rodda* the wife was served in Oregon by publication and mail rather than by personal service. The differences are not material. In *Rodda,* the court stated:

"It may be that the legislature of Oregon, if it is so minded, could adopt amendments, free from

constitutional objections, to our separate maintenance statute, which would make it more difficult for husbands to free themselves of their obligations to support their wives, domiciled in this state, by going to another state and securing what have been referred to as 'bargain counter' divorces." *Rodda*, supra, at 160.

Apparently in response to *Rodda* the legislature amended the separate maintenance statutes by the adoption of Oregon Laws 1951, ch 293, § 2, which is now ORS 107.310. The pertinent part reads:

"* * * No decree of divorce granted by a court of this or any other state upon constructive service of summons shall affect an award of maintenance made pursuant to ORS 107.250, 107.260 or 107.270."

■ The principal issue in the case is the meaning of the term "constructive service of summons" as used in ORS 107.310. If personal service of the wife in Oregon with Nevada process is classed as constructive service, the resulting Nevada decree does not terminate the award of support made in the decree of separate maintenance. If it is not so classed, the award is terminated in conformance with *Rodda*.

■ Black's Law Dictionary (4th ed), 1533-1534, defines "constructive service" as follows:

"Any form of service other than actual personal service; notification of an action or of some proceeding therein, given to a person affected by sending it to him in the mails or causing it to be published in a newspaper."

*Harrison v. Hanvey*, 265 N C 243, 143 SE2d 593, 598 (1965) contains the following language:

"The meanings attached to the terms *personal, constructive,* and *substituted* service are so varied

that individual statutes must be examined. In general, however, *personal service* means actual service of process upon defendant personally, wherever accomplished; *constructive service,* service by newspaper publication; *substituted service,* service upon some member of defendant's family at his usual place of abode or upon a statutory agent. *Service by mail* is self-explanatory. * * *" (Emphasis theirs).

The very term "constructive" indicates something less than the actual handing of the summons by the server to the person served, as was done in this case. We conclude that defendant was not served with the Nevada process by "constructive service of summons" as used in ORS 107.310.

▮ The words "constructive service of summons" describe the manner of the delivery of the process, rather than the nature of the jurisdiction (*in personam* or *in rem*) conferred upon the court. Hence it follows that under the *Rodda* decision and the present statute, a foreign court can terminate the personal obligation of the husband to pay money to the wife under an Oregon maintenance decree, even though the foreign divorce court lacked *in personam* jurisdiction over her. If the legislature meant to shield Oregon maintenance decrees from extinction by subsequent divorce decrees not based upon *in personam* jurisdiction over both parties, it made an unfortunate choice of words. The present statute merely insures that the wife receive actual notice of the subsequent divorce proceeding. What she really needs protection from is the expense and unfairness of further litigation in another state that does not have a sufficient relationship to her to provide the basis for an *in personam* judgment. This would avoid part of the iniquities of the "bargain

counter" divorce. We again invite the legislature's attention as we did in *Rodda*.

The defendant also contends that the amount owing her for the support of the children under the Nevada decree be adjudicated in this proceeding. The nature of this proceeding does not permit such a determination.

The order of the trial court is affirmed.