MYRNA L. RAWITZ, Respondent, v. VICTOR R. RAWITZ, Appellant.— In this action in which a judgment of separation in favor of plaintiff wife was granted on March 7, 1966, defendant appeals from an order of the Supreme Court, Kings County, dated May 13, 1968, which granted plaintiff's motion to adjudge defendant in contempt of court and denied defendant's cross motion to modify the judgment. Order reversed, on the law, without costs, and motion and cross motion remanded to the Special Term for a hearing, in accordance wth the memorandum herewith, and a new determination. The parties to this action were married in May, 1960. In July, 1965, defendant stopped supporting plaintiff. There are no children of this marriage. Plaintiff brought this action for separation on the grounds of nonsupport. In January, 1966, she was granted an award of $45 weekly alimony *pendente lite*. Defendant did not make the payments and plaintiff made a motion to punish him for contempt. On the return day of the motion, February 24,

1966, the parties advised the court that they had resolved their differences. The parties agreed by stipulation that defendant would withdraw his opposition to the separation action and would pay plaintiff $35 per week as permanent alimony and $500 as additional alimony. Plaintiff withdrew her motion to punish defendant for contempt. Both parties waived any rights they had in each other's estates under the Decedent Estate Law. On that same day defendant executed a special power of attorney authorizing his personal appearance in a Mexican divorce court. The agreement reached by the parties was set forth in the judgment of separation herein, dated March 7, 1966. Neither the stipulation of the parties nor the judgment of separation contained a provision stating that the judgment of separation or the support provision therein should survive a subsequent judgment of divorce. Plaintiff appeared personally in a Mexican divorce court on April 9, 1966. The power of attorney authorizing defendant's appearance was entered in that court. Both parties therefore appeared in the Mexican court. On April 11, 1966 a judgment of divorce was granted in the Mexican court. The New York judgment of separation was not expressly incorporated into the Mexican divorce decree. The Mexican decree did not expressly state that the New York judgment should survive the decree. Neither did the Mexican decree expressly provide for alimony. In the translation of the decree submitted below there is a statement that, since there was no issue of the marriage or community property, the court would declare nothing in that respect; and that the court had considered the fact of the separation judgment. Defendant made payments for about 14 months after the divorce and then stopped. The motions now under review followed, by plaintiff to punish him for contempt and by defendant to delete the support provision from the judgment of separation on the ground that the Mexican divorce decree extinguished his obligation of support. We are of the opinion that a further hearing is necessary to determine the meaning under Mexican law of the statement in the divorce decree referring to the New York judgment of separation. Unless a separation agreement, judgment of separation or subsequent divorce decree so provide, the terms of support in such agreement or judgment will not survive the divorce decree where both parties were before the granting court. This rule applies whether the decree is that of a sister State or of Mexico (*Lappert* v. *Lappert*, 20 N Y 2d 364; *Rosenstiel* v. *Rosenstiel*, 16 N Y 2d 64; *Lynn* v. *Lynn*, 302 N Y 193). It is manifest from the circumstances that the parties actually intended that the support provision of the separation judgment should survive the Mexican divorce decree or be incorporated into it. However, there is no document that sufficiently states this. We believe the court below should hold a hearing at which it may have the assistance of experts on Mexican law to determine if the statements in the divorce decree were sufficient to be an incorporation of the New York judgment of separation or a declaration that the support provision of the New York judgment of separation was to survive the Mexican divorce decree (cf. CPLR 4511, subds. [b], [d]). Decision on the motion and the cross motion should not have been made in the absence of such proof. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.