750 P.2d 1114

**Alma L. GILMORE, Petitioner–Appellee, and Cross–Appellant,**

v.

**John T. GILMORE, Respondent–Appellant, and Cross–Appellee.**

**No. 9616.**

Court of Appeals of New Mexico.

Jan. 19, 1988.

Certiorari Denied Feb. 26, 1988.

Robert G. Marcotte, Behles & Davis, Albuquerque, for petitioner-appellee and cross-appellant.

Sandra Morgan Little, Karen H. Lindborg, Ruthie Horn Robbins, Atkinson & Kelsey, P.A., Albuquerque, for respondent-appellant and cross-appellee.

## OPINION

GARCIA, Judge.

This is a domestic relations case in which the husband appeals and the wife cross-appeals. The parties were married in 1960 and separated in 1968. In 1970, wife sought and obtained a decree of separation. The Bernalillo County district court divided the parties' property and awarded wife $250 per month in alimony pursuant to NMSA 1953, Section 22-7-2 (now codified as NMSA 1978, Section 40-4-3 (Repl.1986) without significant changes). Husband made no payments.

In 1972, husband, then in the armed forces and stationed in Alabama, filed a petition for divorce. Wife answered the petition and filed a waiver of notice of further proceedings. A decree dissolving the parties' marriage was entered by the Alabama circuit court in June 1972. The Alabama court awarded wife $50 per month in alimony. Husband did not make all the required payments, and, in 1977 and 1978, wife filed actions pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), NMSA 1953, Sections 22-19-28 to -68 (Supp.1975) (now codified as NMSA 1978, Sections 40-6-1 to -41 (Repl.1986)), requesting the court to enforce husband's $50 per month obligation. The parties reached a settlement and in accordance with their agreement, the Alabama court entered a decree requiring husband pay the $50 per month obligation and to pay an additional $5 per month toward $3350 in accrued arrearages. Since the entry of the URESA judgment in 1978, husband has been paying the stipulated amount of $55 per month.

In 1985, wife commenced the present action by filing a motion in the Bernalillo County district court seeking $44,500 in past alimony based on the $250 per month award in the 1970 New Mexico decree. Wife denied that she appeared in the Alabama action, contended the Alabama court did not have jurisdiction to modify the earlier New Mexico judgment, and sought a reaffirmance of the $250 per month New Mexico alimony award. The trial court agreed with wife, that Alabama lacked jurisdiction to modify the 1970 judgment, but based on laches and estoppel allowed arrearages back only to the date wife filed her motion. The trial court also ruled that husband was to pay wife $250 per month in alimony from the date she filed her motion, and that each party would bear his own costs and attorney fees.

## ISSUES

Husband raises the following issues on appeal: (1) whether the trial court erred in failing to rule that the 1972 Alabama decree superseded and extinguished the 1970 New Mexico decree; (2) whether the trial court erred in not admitting into evidence correspondence showing that wife was represented by counsel in the Alabama proceedings; and (3) whether certain findings and conclusions of the trial court are erroneous. Husband also requests attorney fees on appeal. On cross-appeal, wife raises the following issues: (1) whether the trial court erred in applying laches and estoppel to arrearages accrued prior to the date of wife's motion; and (2) whether the lower court erred in failing to award wife costs and attorney fees. Wife also requests costs and attorney fees on appeal.

Because we agree that the Alabama decree superseded the 1970 New Mexico decree, we do not reach several of the remaining contentions raised by the parties. Our disposition of husband's first issue makes

it unnecessary for us to rule on wife's first issue. Since the trial court's ruling on the continued validity of the New Mexico decree was error, there exist no arrearages, and, thus, we need not consider the applicability of equitable doctrines. On the issue of attorney fees, we hold that the trial court did not err in denial of the parties' request for costs and fees.

### I. Controlling Decree

The Bernalillo County district court found that the 1970 New Mexico decree controlled because, in the 1972 Alabama proceedings, husband neither pleaded nor prayed for relief from the New Mexico decree and the Alabama decree did not contain any language modifying the New Mexico award. In challenging this determination, husband relies on numerous cases which hold that, if in a party's foreign suit for dissolution of marriage the other party is personally served or appears generally so that the court has jurisdiction to adjudicate the question of future alimony, the provision of alimony or silence on the issue effectively terminates the prior alimony provision of a previous court order. *See, e.g., Coe v. Coe,* 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948); *Ex Parte Thornton,* 272 Ala. 4, 127 So.2d 598 (1961); *Ex Parte Jones,* 249 Ala. 386, 31 So.2d 314 (1947); *Nowell v. Nowell,* 157 Conn. 470, 254 A.2d 889, *cert. denied,* 396 U.S. 844, 90 S.Ct. 68, 24 L.Ed.2d 94 (1969); *Yates v. Yates,* 155 Conn. 544, 235 A.2d 656 (1967); *Rosa v. Rosa,* 296 Mass. 271, 5 N.E.2d 417 (1936); *Isserman v. Isserman,* 23 N.J.Misc. 174, 42 A.2d 642 (1945), *rev'd on other grounds,* 138 N.J.Eq. 140, 46 A.2d 799 (1946); *Lynn v. Lynn,* 302 N.Y. 193, 97 N.E.2d 748, *cert. denied,* 342 U.S. 849, 72 S.Ct. 72, 96 L.Ed. 641 (1951); *Rawitz v. Rawitz,* 31 A.D.2d 832, 297 N.Y.S.2d 973 (1969); *Vincent v. Vincent,* 38 N.C.App. 580, 248 S.E.2d 410 (1978); *Morphet v. Morphet,* 263 Or. 311, 502 P.2d 255 (1972) (in banc); *Brown v. Brown,* 249 Or. 274, 437 P.2d 845 (1968); *Bouchard v. Bouchard,* 119 R.I. 656, 382 A.2d 810 (1978).

■ In opposition, wife advances several arguments. We are unpersuaded. First, wife argues that, under Alabama law, the 1972 Alabama decree could not have modified the 1970 New Mexico decree because wife's form answer and waiver of notice of further proceedings filed by wife in Alabama proceeding did not constitute evidence of any kind and only served to put the allegations of the complaint in issue. Ala.Code § 30–2–7 (1975). Because husband's complaint in Alabama only mentioned the 1970 New Mexico decree and did not request relief from it, wife contends that the Alabama court was not presented with any issue concerning the New Mexico decree. Nonetheless, under the authorities submitted by husband, the Alabama court had jurisdiction over the parties and over the subject matter and ultimately entered a decree of divorce and made an award of alimony. *See Wright v. Wright,* 230 Ala. 35, 159 So. 220 (1935). The general rule is that the last decree controls. *Lynn v. Lynn* (citing 2 A. Freeman, *Freeman on Judgments,* § 629 (5th ed. 1925)). The fact that the Alabama decree may have been vulnerable on appeal for failure to hold a hearing or for awarding relief not specifically requested does not mean that the decree is not entitled to full faith and credit. *See Barker v. Barker,* 94 N.M. 162, 608 P.2d 138 (1980) (only relief from rule requiring full faith and credit is that the judgment is void).

■ Wife next argues that Alabama does not permit its orders to supersede foreign orders on the same subject matter. Citing *Murphy v. Murphy,* 395 So.2d 1047 (Ala.Civ.App.1981), wife argues that, where there is no modification, the earlier decree remains in effect "for whatever it is worth." Wife contends that the 1970 decree's "worth" here is equal to all unpaid amounts of alimony within the statute of limitations for judgments. We disagree. We first note that *Murphy* was a URESA action—a special statutory proceeding. Further, under the cases cited above, the second decree superseded the first decree once it was entered and, thus, the first decree had no "worth". *Murphy* did not rule on what the first decree was "worth" and we do not read it as standing for the proposition that the first decree controls

over any subsequent decree. The reason for the rule that the last decree controls is that it is not unfair to require the person relying on the earlier decree to inform the second court of the first decree's existence. The rule is grounded on notions of waiver. *Freeman on Judgments, supra.* By choosing neither to defend in the Alabama proceedings, nor to appeal from the ruling, wife waived reliance on the 1970 New Mexico decree and consented to the Alabama court's entry of a lesser alimony amount.

■ Wife also argues that we should not give full faith and credit to the Alabama decree because Alabama did not give full faith and credit to the New Mexico decree. Wife invites us to accept a "tit for tat" rationale. We decline to do so. *See Lynn v. Lynn.* If Alabama did not give full faith and credit to the New Mexico decree, it was because the decree was not called to the court's attention. A second court ought not be faulted for not giving a prior judgment full faith and credit if the second court is not advised of the existence of the prior judgment. *See* R. Ginsburg, *Judgments in Search of Full Faith and Credit: The Last-in-Time Rule for Conflicting Judgments,* 82 Harv.L.Rev. 798 (1968). Even in the URESA petitions where wife sought to enforce the Alabama decrees, wife never mentioned the existence of a prior New Mexico decree or order of support. Wife failed to call the New Mexico decree to Alabama's attention and, hence, the Alabama decree must be given full faith and credit.

Finally, wife argues that all of husband's cited authority is inapposite. Wife anchors this argument on the claimed uniqueness of New Mexico law. As we understand her argument, it is as follows: New Mexico's statutory law concerning the property rights of husband and wife is modeled after the civil law system of Spain and Mexico, *McDonald v. Senn,* 53 N.M. 198, 204 P.2d 990 (1949), rather than the English common law, which serves as the cornerstone of the statutory law of the jurisdictions on which husband's cases are modeled. Those jurisdictions have statutory separation actions such as limited divorce, divorce a mensa et thoro, or divorce from bed and board. Without citing any authority wife contends that New Mexico does not recognize legal separation. Therefore, she argues, the prior New Mexico proceeding could not have been a separation with a temporary support order which would have ended at divorce. Rather, wife argues prior New Mexico action was only a support proceeding which was final, and not subject to being extinguished upon divorce.

Because wife's argument closely follows the historical rationale of an early New Mexico case, we assume wife implicitly relies on *Hodges v. Hodges,* 22 N.M. 192, 159 P. 1007 (1916) as authority for her contention that New Mexico does not recognize legal separations. While we agree with wife's historical analysis, we disagree with her conclusion. *Hodges* stands for two related propositions: (1) when a party seeks an absolute divorce pursuant to a specific statute, a court may grant or deny the request, but is without authority to decree a limited divorce or legal separation; and (2) the court's authority in matrimonial matters is to be determined upon the terms of the statute conferring jurisdiction.

■ Contrary to wife's argument, New Mexico does recognize court sanctioned separations. At one time, New Mexico only recognized a divorce a vinculo matrimonii, which was a divorce from the bond of matrimony, as opposed to a divorce a mensa et thoro, or a limited divorce from bed and board. *See Poteet v. Poteet,* 45 N.M. 214, 114 P.2d 91 (1941). In 1901, however, the legislative assembly of the territory of New Mexico enacted a separate maintenance statute which then provided:

Whenever the husband and wife shall have permanently separated and no longer live or cohabit together, as husband and wife, either may institute suit in the district court for a division of property, or for the disposition of the children, without asking for or obtaining in said suit a dissolution of the bonds of matrimony; or the wife may institute suit for alimony alone.

1901 N.M.Laws ch. 62, § 23.

This legislative enactment and its statutory successor, NMSA 1978, Section 40–4–3

**792**

(Repl.1986), provide a substitute for limited divorce from bed and board. *Poteet v. Poteet.* A party may petition the court for a division of property, custody of children, support and maintenance without seeking a divorce, conditioned on the parties' permanent separation. § 40–4–3. In the alternative, the parties may mutually consent to a separation without court intervention. *See* NMSA 1978, § 40–2–4 to –9 (Repl.1986). Although § 40–4–3 does not expressly state the court can grant a legal separation, as do the statutes in some of the cases cited by husband, we find the outcome to be the same.

Furthermore, wife's argument that New Mexico did not contemplate the 1970 decree to be temporary, as do the cases relied upon by husband, is without merit. A majority of cases relied upon by husband also rely on the general rule applicable to all successive judgments, i.e., the latest controls, provided, of course, that it was entered by a court of competent jurisdiction and complied with elementary principles of due process. *E.g., Lynn v. Lynn; Morphet v. Morphet.*

Thus, while many of husband's cases are distinguishable on the basis of the unique law of New Mexico, these distinctions are irrelevant to the resolution of the issue at hand. The fact remains that wife had notice of the Alabama proceedings, appeared, and chose neither to contest nor appeal the Alabama court's decision. The Alabama court entered its decree awarding wife $50 per month in alimony, thus, superseding the 1970 New Mexico judgment. Because of the law on successive judgments, it is the Alabama judgment that controls. We determine that the Bernalillo County district court erred in basing its order of arrearages on the superseded New Mexico judgment.

## ATTORNEY FEES

■ The determination of whether to grant an award of attorney fees rests within the sound discretion of the trial court. *Fitzsimmons v. Fitzsimmons,* 104 N.M. 420, 722 P.2d 671 (Ct.App.1986). An appellate court will only reverse the trial court's

determination if there has been an abuse of discretion. *Michaluk v. Burke,* 105 N.M. 670, 735 P.2d 1176 (Ct.App.1987). While the trial court's discretion must be exercised with a view toward ensuring a party an effective presentation of his case, the trial court must also consider a number of factors other than economic disparity alone. *See Berry v. Meadows,* 103 N.M. 761, 713 P.2d 1017 (Ct.App.1986). These include the nature of the proceedings, the complexity of the issues, the relief sought and recovered, the ability of the parties' attorneys and the ability of the parties to pay. *Michelson v. Michelson,* 89 N.M. 282, 551 P.2d 638 (1976).

Wife argues that there was economic disparity. We agree that wife's income was substantially less than husband's. Financial disparity, however, is only one factor which the trial court should consider in determining whether to award attorney fees. In considering the other *Michelson* factors, we do not find an abuse of discretion. *See Fitzsimmons v. Fitzsimmons.* We affirm the trial court's denial of attorney fees.

Because of wife's lack of success on appeal, we likewise deny her request for appellate attorney fees. *See Blake v. Blake,* 102 N.M. 354, 695 P.2d 838 (Ct.App.1985). We also deny husband's request for fees.

## CONCLUSION

The order of the trial court granting wife alimony based on the New Mexico decree is reversed. The trial court's denial of attorney fees to wife is affirmed. This cause is remanded to the trial court with instructions to dismiss wife's motion. Each party shall bear his own appellate costs and attorney fees.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.