PITTMAN, Judge.
Andrew Arthur Duerr (“the former husband”) appeals from a judgment of the Montgomery Circuit Court holding him in contempt of court on the stated basis that he had failed to comply with a pendente lite order issued during the course of divorce proceedings involving the former husband and Anne Marie Duerr (“the former wife”).
During the pendency of a divorce action involving the parties, the trial court issued in November 2001 a pendente lite order requiring the former husband to, among other things, “maintain the status quo as relates to the maintenance and payment of all major family bills such as the house payment, automobile and house insurance and reasonable and customary expenses that have in the past been incurred by [the] family.” A final judgment divorcing the parties was entered in June 2008; however, that judgment was vacated and was replaced by a new final judgment in October 2003.
In May 2010, the former wife filed a complaint seeking modification of child support and a finding of contempt against the former husband based upon his allegedly having failed to comply with the November 2001 pendente lite order. The former husband answered that complaint in October 2010, denying the allegations in the complaint and asserting affirmative defenses. The trial court, after a November 2010 hearing, entered a judgment holding the former husband in contempt based upon his having failed to comply with the November 2001 pendente lite order and directed the former husband to indemnify the former wife as to a $12,927.41 judgment entered against her following an automobile collision as to which she had been found at fault; the trial court denied the former wife’s child-support-modification request. The former husband timely appealed.
The record reveals the following facts. At some time after the pendente lite order had been issued in November 2001, but before the entry of a final judgment in the parties’ divorce action, the former wife was involved in an automobile collision.[1] A separate civil action in tort arose out of that collision, and a judgment in that action was ultimately rendered against the former wife in April 2010. The present contempt action was initiated after the April 2010 judgment had been entered against her in the tort action.
In response to the former wife’s contempt claim, the former husband asserted, among other things, the affirmative defense of res judicata. The trial court opined, in its judgment, that the former husband had failed to demonstrate one or *231 more essential elements of that affirmative defense.
At trial, the former husband stated that he did not have automobile insurance covering the former wife at the time of the automobile collision or at any time thereafter. The former husband further testified that he had not willfully neglected to abide by the pendente lite order by taking any affirmative action on his part to discontinue maintenance of, or to cancel, the former wife’s automobile-insurance policy. Instead, he posited that the insurance company had canceled the automobile-insurance coverage as to the former wife by January 2002 and that he had informed the former wife that the insurance company had canceled that coverage. The former husband testified that he had tried to obtain automobile-insurance coverage for the former wife from six different insurance companies but that his efforts were rejected by each company; the former husband attempted to introduce into evidence letters that, he claimed, had been written to him from his insurance company indicating that that company had canceled the former wife’s automobile-insurance coverage. The former husband also claimed to have a letter from another insurance carrier indicating that he had applied for insurance coverage for the former wife from another company and that that application had been denied by that company as well. The letters that, the former husband claimed, supported his position that he had not acted contemptuously were objected to by the former wife’s attorney on hearsay grounds and were not admitted into evidence.
The former wife testified that the former husband had told her before the collision that there was a problem -with her insurance coverage and that, in her opinion, she believed that there should not have been such a problem because he ostensibly should have been able to maintain that coverage. The former wife responded “no” when she was asked whether she had directly contacted the insurance company and whether she had been told by that company that she was still covered under the former husband’s insurance. She further testified that she was uncertain as to whether she had ever been told that there was not a problem by the insurance company because, she stated, the former husband had brought the issue to her attention nine years before, a time that, she claimed, had been a “long time ago.” The trial court’s judgment, however, stated that the former wife had been “unaware that the [former] husband had allowed the automobile insurance coverage to lapse” and that the former wife had instead “[become] aware of the lapse in coverage some years later when she was served with a lawsuit by the insurance carrier of [the other driver with whom she had been involved in the automobile collision].”
The trial court’s judgment noted that the former husband had admitted in his testimony that he had not had automobile insurance covering the former wife at the time of the collision. Additionally, the trial court opined in its judgment that the former husband had presented no legal authority to support his inability-to-pay contention. The trial court reasoned that, although the former husband could not purchase insurance to retroactively cover the former wife’s automobile at the time that the collision happened, the former husband had the current ability to abide by the “spirit of the [pendente lite] order” because the former husband earned an income of $360,000 per year, had approximately $80,000 in savings, and earned a “net yearly income after taxes and personal expenses” of more than $100,000.
On appeal, the former husband asserts four issues. First, the former husband *232 argues that the trial court erred in denying admission into evidence letters from various insurers offered to demonstrate the former husband’s inability to comply with the pendente lite order. Second, the former husband asserts that the trial court erred in holding the former husband in contempt for having failed to maintain automobile insurance for the former wife’s vehicle because, he says, he was unable to comply with the pendente lite order. Third, the former husband asserts that the doctrine of res judicata bars the former wife’s claim. Last, the former husband contends that the doctrine of laches bars the claim. Because we conclude that resolution of the third issue raised by the former husband is dispositive, we preter-mit consideration of the other issues presented.
The former husband argues that he cannot be held in contempt for his failure to comply with the pendente lite order based on the doctrine of res judicata. The trial court’s judgment rejected that argument, stating that the former husband had not demonstrated the elements of res judicata. The former husband takes the position that, after a court has ruled on the merits of a claim, a new claim involving the same parties and cause of action is barred. The former wife did not address the res judicata issue in her brief on appeal except to summarily contend that the former husband’s arguments as to all four of his issues were not valid.
“When a court of competent jurisdiction renders a judgment on the merits of a case, a new claim involving substantially the same parties and the same cause of action is barred. See Parmater v. Amcord, Inc., 699 So.2d 1238, 1241 (Ala.1997). When these elements exist, any claim that was adjudicated in the prior action, or that could have been adjudicated in that prior action, is prohibited. See id. ... [T]he application of [the doctrine of res judicata] is a question of law. Thus, the appropriate standard of review is de novo. See Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997); Plus Int’l, Inc. v. Pace, 689 So.2d 160, 161 (Ala.Civ.App.1996).”
Walker v. Blackwell, 800 So.2d 582, 587 (Ala.2001).
“ ‘ “ ‘Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.’ ” Old Republic Ins. Co. v. Lanier, 790 So.2d 922, 928 (Ala.2000) (quoting Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir.1993)).’
“Gatlin v. Joiner, 31 So.3d 126, 133 (Ala.Civ.App.2009).”
Mosley v. Builders S., Inc., 41 So.3d 806, 813 (Ala.Civ.App.2010).
“ ‘The purposes and policies promoted by the doctrine of res judicata include the interests of both the public at large and the parties to a particular action in (a) finality of judgments, (b) reducing waste of private and judicial resources, and (c) avoiding inconsistent rulings. Hughes v. Martin, 533 So.2d 188, 190 (Ala.1988).’
“Herring-Malbis I, LLC v. TEMCO, Inc., 37 So.3d 158, 167 (Ala.Civ.App.2009).”
Mosley, 41 So.3d at 814.
Additionally, the former husband relies on the authority of Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481 (1964), a case in which, after a final divorce judgment had been rendered, a former wife sought to hold her former husband in contempt for failure to pay temporary alimony that had been awarded in the pendente lite order. The court held that because an award of temporary alimony is interlocu *233 tory in nature, the final divorce judgment had rendered unenforceable the right to accrued installments of alimony pendente lite, “unless the right to such installments are saved by [the final divorce judgment].” Maddox, 276 Ala. at 198, 160 So.2d at 482; see also Atkinson v. Atkinson, 283 Ala. 125, 127-28, 170 So. 198, 200 (1936) (pointing out the differences between maintenance without divorce and a divorce judgment for alimony).
The former husband argues that Maddox presents a scenario parallel to the present case. We agree. The former husband did not provide automobile-insurance coverage to the former wife in 2002 in the manner that he had been ordered to do in the pendente lite order issued in 2001. Payment of a spouse’s premiums during the pendency of a divorce action on the part of another spouse is a form of temporary support, just as alimony pendente lite is. See Alexander v. Alexander, 65 So.3d 958, 960 (Ala.Civ.App.2010). It is well settled that a spouse’s right to pendente lite support is immediately terminated upon the issuance of the final divorce judgment. See Thompson v. Thompson, 337 So.2d 1, 3 (Ala.Civ.App.1976) (citing Ex Parte Thornton, 272 Ala. 4, 8, 127 So.2d 598, 601 (1961) (a final divorce judgment puts an end the to marriage relationship “as effectively as would” the death of either party)). The right to alimony pendente lite is not vested in the spouse during litigation so as to permit a claim for that right after the issuance of the final divorce judgment. Maddox, 276 Ala. at 198-99, 160 So.2d at 482. Therefore, a final divorce judgment bars a spouse’s right to “further recovery under the prior [judgment or court order].” Thornton, 272 Ala. at 8, 127 So.2d at 602.
Based on the aforementioned caselaw, the former wife’s claim of contempt with regard to the pendente lite order should have been barred. Under the authority of Maddox, pointing out the interlocutory nature of a pendente lite order, and Thornton, reiterating the temporary nature of a pendente lite maintenance award, the final divorce judgment operated to finally adjudicate all claims that the former wife asserted or could have asserted arising from the marital relationship and, therefore, to bar the former wife from asserting a contempt claim against the former husband for any failure on his part to comply with the pendente lite order.
The judgment of the Montgomery Circuit Court is reversed, and the cause is remanded with instructions to dismiss the contempt action. Because we reverse the judgment of the trial court finding the former husband in contempt because the former wife’s claims are precluded as a matter of law, we do not address the former husband’s other arguments.
The former wife’s request for an attorney’s fee on appeal is hereby denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., concurs in the result, with writing.
BRYAN, THOMAS, and MOORE, JJ., concur in the result, without writings.

. The former wife testified that the collision had occurred in April 2002, but the former husband testified that it had actually occurred in April 2003.